[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
On February 6, 2000, defendant-appellant Maurice Hollingshead pleaded guilty to a reduced charge of burglary, a fourth-degree felony that carried a penalty of six to eighteen months of incarceration. After accepting his plea, the trial court sentenced Hollingshead to twelve months of incarceration. From this judgment, Hollingshead has appealed, arguing in his sole assignment of error that the trial court's imposition of a prison term was not supported by the record, and that the court's imposition of more than the minimum term was contrary to law.
Hollingshead argues that the trial court should have sentenced him to a community-control sanction instead of a prison term. We have no jurisdiction to review this argument. Where a trial court imposes a prison term for a fourth-degree felony and, in doing so, specifies that it has found that one or more of the factors in R.C. 2929.13(B)(1)(a) through (h) is applicable, the defendant may not challenge the imposition of a prison term on appeal. See R.C. 2953.08(A)(2); State v. McNeel (May 22, 1998), Hamilton App. No. C-960980, unreported. In this case, the trial court specified that it had found R.C. 2929.13(B)(1)(h) to apply, and this finding was supported by the record. Therefore, Hollingshead may not challenge the court's imposition of a prison term.
Hollingshead appeals also challenges the trial court's imposition of a greater-than-minimum term of confinement without making the findings mandated by R.C. 2929.14(B). When the trial court imposes a greater-than-minimum term of confinement and the defendant has not previously been imprisoned, the trial court must find on the record that the imposition of the shortest prison term would either "demean the seriousness of the offense" or "not adequately protect [the] public." R.C. 2929.14(B); see State v. Jones (2001), 93 Ohio St.3d 391, 398,754 N.E.2d 1252, 1259; State v. Edmonson (1999), 86 Ohio St.3d 324, 326,715 N.E.2d 131, 133; State v. Gumenick (June 15, 2001), Hamilton App. No. C-000711, unreported. In this case, Hollingshead had not previously been imprisoned and the trial court failed to make the requisite findings before sentencing him to a prison term six months greater than the minimum.
The state argues that this court has no jurisdiction to review this alleged error on appeal for the same reason that Hollingshead cannot challenge the rejection of a community-control sanction — the trial court made the requisite finding under R.C. 2929.13(B)(1)(a) through (h). As interpreted by the state, R.C. 2953.08(A)(2) denies Hollingshead the right to challenge his sentence for a fourth-degree felony on any grounds if the trial court made the requisite finding.
We disagree with the state's broad interpretation of R.C. 2953.08(A)(2). We have jurisdiction to review the length of Hollingshead's sentence under R.C. 2953.08(4), which provides for appellate review of any sentence that is contrary to law. The Ohio Supreme Court has held inEdmonson and Jones, supra, that the trial court's failure to make the requisite findings under R.C. 2929.14(B) for any felony renders the sentence contrary to law. Accordingly, we have jurisdiction to review the trial court's alleged sentencing error pertaining to a fourth-degree felony on this basis.
As we have already noted, Hollingshead had not previously been im prisoned. Therefore, the trial court's failure to impose the shortest term of imprisonment without making the requisite finding was contrary to law. The record does not reflect that the trial court first considered imposing the minimum six-month sentence and then decided to depart from that based upon one or both of the permitted reasons listed in R.C.2929.14(B). See Jones at 398, 754 N.E.2d at 1260; Edmonson at 327,715 N.E.2d at 134. Accordingly, we sustain the assignment of error on this limited basis. We vacate the sentence and remand this cause to the trial court for resentencing. In all other respects, we affirm the judgment of the court below.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.