This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Howard E. Walton, appeals from the sentence imposed in the Medina County Court of Common Pleas. We affirm.
 I.
On August 3, 2000, the Medina County Grand Jury indicted Mr. Walton on one court of robbery, pursuant to R.C. 2911.02(A)(2), a felony of the second degree. A jury trial was held, commencing on March 12, 2001. At the close of trial, Mr. Walton moved for an instruction on the lesser included offense of theft, in violation of R.C. 2913.02. Accordingly, the trial court instructed the jury on both robbery and theft. In a verdict journalized on March 16, 2001, the jury found Mr. Walton guilty of theft with a special finding that the value of the property was greater than $500.00, making the offense a felony of the fifth degree. See R.C.2913.02(B)(2). The jury acquitted Mr. Walton of robbery. On April 18, 2001, the trial court sentenced Mr. Walton to the minimum prison term of six months, which was to be served consecutively with the fourteen month sentence that he was already serving in case number 00CR0396. See R.C.2929.14(A)(5). This appeal followed.
 II.
Mr. Walton asserts two assignments of error for review. We will discuss each in due course.
 A. First Assignment of Error THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT-APPELLANT TO SIX MONTHS IN PRISON FOR A FELONY OF THE FIFTH DEGREE BECAUSE WHEN IT IMPOSED SENTENCE, IT MADE A FINDING WHICH THE JURY HAD SPECIFICALLY REJECTED.
In his first assignment of error, Mr. Walton argues that the trial court erred in sentencing him to six months in prison for a fifth degree felony because, in imposing sentence, it made a finding which the jury had specifically rejected. We disagree.
Mr. Walton was indicted on one count of robbery, in violation of R.C.2911.02(A)(2), which provides that "[n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * [i]nflict, attempt to inflict, or threaten to inflict physical harm on another[.]" The jury acquitted Mr. Walton of robbery but found him guilty of the lesser included offense of theft, in violation of R.C. 2913.02. Unlike robbery, in violation of R.C.2911.02(A)(2), a conviction for theft does not require that the jury make any finding regarding physical harm to another. See R.C. 2913.02. Before imposing sentence, the trial court stated that "there was physical harm to persons in this case and under [R.C.] 2929.13(B)(1), attempt of physical harm to persons with a weapon, in this case the weapon was a motor vehicle." Mr. Walton argues that it was error for the trial court to disregard the jury's finding regarding physical harm and contends that he was prejudiced by such a finding under R.C. 2929.13(B)(1), as it mandated that he receive a prison sentence.
In State v. Walton (Jan. 23, 2002), Medina App. No. 3199-M, unreported,[1] this court addressed a similar argument. In overruling the argument, this court reasoned that a prison term for a felony of the fourth or fifth degree may be imposed in two ways. Id. at 4. First, "if a trial court finds that one of the factors listed in R.C. 2929.13(B) is applicable, the court must also find: (1) that a prison term is consistent with the terms of felony sentencing; and (2) the offender is not amenable to community control" before the court must impose a prison term. Id.; see, also, R.C. 2929.13(B)(2)(a). Significantly, a finding that a factor listed in R.C. 2929.13(B)(1) applies does not, in and of itself, mandate a prison term. Walton, supra, at 4.
Second, a trial court may also impose a prison term when it does not make a finding under R.C. 2929.13(B)(1). Id. at 4-5. In this situation, the trial court determines whether community control is consistent with the purposes of felony sentencing as set forth in R.C. 2929.11 by considering the factors enumerated in R.C. 2929.12. If, after considering the R.C. 2929.12 factors, the trial court finds that a community control sanction or combination of community control sanctions is consistent with the purposes and principles of felony sentencing, the court must impose a community control sanction or combination thereof upon the offender. Id. at 5; see, also, R.C. 2929.13(B)(2)(b). If, however, the trial court finds that community control is inconsistent with the purposes of felony sentencing, the trial court retains the authority to fashion a sentence consistent with R.C. 2929.11(A). Walton, supra, at 5.
In Walton, the jury convicted Mr. Walton of burglary and acquitted him of aggravated burglary. Id. at 3. In doing so, the jury implicitly found that the State had not proven beyond a reasonable doubt that Mr. Walton had inflicted, attempted or threatened to inflict physical harm on another. Id. In sentencing Mr. Walton to a term of imprisonment, the trial court found that one of the factors listed in R.C. 2929.13(B)(1) was present, namely physical harm to a person. Id. at 5. In affirming the sentence, this court concluded that any error[2] in the trial court's finding that physical harm to a person existed was harmless because Mr. Walton could have received a prison sentence based upon the trial court's finding that Mr. Walton's relationship to the victim facilitated the offense, under R.C. 2929.12(B), and that Mr. Walton was not amenable to community control. Id.
Similarly, in the case at bar, assuming, without deciding, that it was error for the trial court to find that Mr. Walton attempted to cause harm with a weapon, we nevertheless conclude that such error was harmless. The trial court found that a prison term was consistent with the purposes of felony sentencing as set forth in R.C. 2929.11 and that Mr. Walton was not amenable to any available community control sanction. The trial court noted that it made these determinations after considering the seriousness and recidivism factors of R.C. 2929.12. Significantly, the trial court was not required to use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable recidivism factors under R.C. 2929.12. See State v. Arnett
(2000), 88 Ohio St.3d 208, 215; State v. Neptune (Nov. 14, 2001), Medina App. No. 3171-M, unreported, at 4. "Rather, the sentencing judge need only state that it considered the applicable recidivism factors of R.C. 2929.12
in arriving at its decision." State v. Spatney (Feb. 27, 2002), Summit App. No. 20686, unreported, at 3. Accordingly, Mr. Walton's first assignment of error is overruled.
 B. Second Assignment of Error THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT-APPELLANT TO CONSECUTIVE PRISON TERMS.
Mr. Walton avers that the trial court erred in ordering his sentence in the present case be served consecutively to a fourteen month sentence which he was serving in case number 00CR0396 because the record does not support the findings of the trial court and because consecutive sentences were contrary to the purposes of felony sentencing, as stated in R.C.2929.11 and 2929.13(B). We disagree.
Pursuant to R.C. 2929.14(E)(4), the trial court may impose consecutive sentences when the court finds consecutive sentences are necessary to protect the public or to punish the offender, provided that the sentences are not disproportionate to both the seriousness of the defendant's conduct and to the danger posed to the public. The court must also find one of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
R.C. 2929.14(E)(4). Moreover, when a trial court imposes consecutive sentences, the findings pursuant to R.C. 2929.14(E) must be on the record. R.C. 2929.19(B)(2)(c); State v. Jones (2001), 93 Ohio St.3d 391,399. This court has held that the trial court's findings need not be in the transcript of the sentencing hearing, as long as the findings are contained in the journal entry. State v. Riggs (Oct. 11, 2000), Summit App. No. 19846, unreported, at 4.
In the present case, the trial court found that consecutive sentences were necessary to protect the public and that the sentences were not disproportionate to both the seriousness of Mr. Walton's conduct and to the danger posed to the public. The trial court also found that Mr. Walton's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime by Mr. Walton. On appeal, Mr. Walton has not argued that the trial court failed to make the requisite findings under R.C. 2929.14(E)(4), but rather, has asserted that the record does not support these findings and that the imposition of consecutive sentences in this case is contrary to the purposes of felony sentencing set forth in R.C. 2929.11(A) and 2929.13(B).
When a defendant challenges whether the record supports the findings of a trial court made pursuant to R.C. 2929.14(E)(4), "the appellate court must proceed to an analysis under R.C. 2953.08(G)(2)." State v. Pacely
(Mar. 6, 2002), Lorain App. No. 01CA007784, unreported, at 6. Under R.C.2953.08(G)(2), an appellate court must determine if the trial court clearly and convincingly acted contrary to law or the record. Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. The sentence imposed must be consistent with the overriding purposes of felony sentencing, namely "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A).
Here, the trial court had before it facts sufficient to establish its findings pursuant to R.C. 2929.14(E)(4). The record reflects that, in case number 00CR0396, Mr. Walton was convicted of burglary, a felony of the fourth degree, for which he was sentenced to a prison term of fourteen months. This sentence was imposed at approximately the same time as the sentence being imposed in the present case. Although he had an extensive misdemeanor record, Mr. Walton had never served a prison term prior to his convictions for theft and burglary; however, according to Mr. Walton, he did serve six months of house arrest for a drug offense conviction. In addition to his criminal history, the circumstances underlying his theft conviction in the present case also support the trial court's imposition of a consecutive sentence. The theft conviction arose from conduct during which Mr. Walton stole over $500.00 worth of groceries from a supermarket. While he was loading the groceries into his truck, Mr. Walton was confronted by store employees. Consequently, Mr. Walton got into his truck and drove away. Two people had to jump out of the way to avoid being hit by Mr. Walton's truck, and another car, which was entering the parking lot, had to veer into a ditch to avoid a collision.
Based upon the record, the trial court found that consecutive sentences were necessary to protect the public and that the sentences were not disproportionate to both the seriousness of Mr. Walton's conduct and to the danger posed to the public. The trial court also found that Mr. Walton's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime by Mr. Walton. After a thorough review of the record, we cannot say that the trial court clearly and convincingly acted contrary to law or the record when it made the aforementioned findings under R.C. 2929.14(E). Moreover, we cannot find that the imposition of consecutive sentences under the facts of this case violated the purposes and principles of felony sentencing, as Mr. Walton contends. Accordingly, we hold that the trial court did not err in imposing consecutive sentences. Mr. Walton's second assignment of error is overruled.
 III.
Appellant's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
BAIRD, P.J., CARR, J. CONCUR.
[1] This appeal arose from trial court case number 00CR0396.
[2] This court did not decide whether the trial court's determination that physical harm to a person existed was, in fact, error. Walton,supra, at 5.