JOURNAL ENTRY and OPINION
{¶ 1} In 1999, defendant George Brahler pleaded guilty to one count of kidnapping and one count of robbery. The court sentenced him to consecutive seven year terms on each count. On appeal, we held that the court failed to make the findings necessary for imposing consecutive terms of incarceration and remanded for resentencing. See State v.Brahler (Oct. 12, 2000), Cuyahoga App. No. 76941. On remand, the court again sentenced defendant to consecutive seven year terms. The issues on appeal are whether the court erred by refusing to find the offenses allied for purposes of sentencing and whether the court satisfied the statutory requirements for imposing consecutive sentences.
 I
{¶ 2} Defendant first maintains that robbery and kidnapping as charged in this case were allied offenses that should have merged for purposes of sentencing. The state points out that defendant not only did not make this argument in the first appeal, but in fact conceded in that appeal that those offenses are not allied offenses of similar import as a matter of law * * *."
{¶ 3} The courts have consistently held that robbery and kidnapping are not allied offenses of similar import sufficient to merge for purposes of sentencing. See R.C. 2941.25; State v. Latson (Nov. 1, 2001), Cuyahoga App. No. 79093; State v. Martin (Jan. 27, 2000), Cuyahoga App. No. 76455; State v. Lee (Oct. 25, 2000), Summit App. No. 4918.
{¶ 4} The state's concern that defendant conceded that the offenses were not allied in the first appeal is of no consequence, as the court's act of resentencing him to both counts constituted a separate sentencing that permitted him to raise this claim in this appeal. We do note the general rule that appeals from limited remands are, of course, limited to issues raised on remand. See State v. Ledford (Feb. 9, 1998), Warren App. No. CA97-05-049. But that rule is not in play here. The first assignment of error is overruled.
 II
{¶ 5} In his second assignment of error, defendant complains that the court once again failed to satisfy the statutory prerequisites for imposing consecutive sentences. Although defendant does not articulate a clear basis for this assignment, he appears to suggest that the consecutive sentences were disproportionate to the offenses and that we should exercise our authority under R.C. 2953.08(G) and impose concurrent sentences.
{¶ 6} In order for us to reverse the court's decision to impose consecutive sentences, we must find by clear and convincing evidence that (1) the sentence is not supported by the record; (2) the trial court imposed a prison term without following the appropriate statutory procedures; or (3) the sentence imposed was contrary to law. See R.C.2953.08(G). While the scope of our review has been expanded under R.C.2953.08(G) to permit us to modify or vacate or remand for resentencing any sentence that is imposed in violation of the sentencing statutes, we are not permitted to substitute our judgment for that of the court. SeeState v. Jones (2001), 93 Ohio St.3d 391, 399-400, 2001-Ohio-1341.
{¶ 7} As applicable here, consecutive sentences may be imposed when the court finds either that consecutive sentences are necessary to protect the public from future crime or to punish the offender, and when the court finds that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and that the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses would adequately reflect the seriousness of the crime. See R.C.2929.14(E)(4).
{¶ 8} In addition to remarks made on the record, the court journalized a form entry that listed various statutory factors relevant to sentencing. That form shows the court found that the harm caused was great or unusual, that defendant's criminal history required consecutive sentences, that consecutive sentences were necessary to fulfill the purpose of R.C. 2929.11, and that consecutive sentences were not disproportionate to the seriousness of the offender's conduct and the danger to the public and were likewise necessary to fulfill the purpose of R.C. 2929.11. The form entry also indicates that the victim suffered serious "physical/emotional/psychological harm" and defendant was an offender under court control, had prior convictions and an unsuccessful probation or parole. These findings are sufficient to satisfy the core requirements for imposing consecutive sentences and defendant does not contest them on appeal.
{¶ 9} The remaining question is whether the consecutive sentences were disproportionate to the harm caused. During resentencing, defense counsel tried to argue that the victim did not suffer physical harm. In response, the court noted that defendant tried to carjack the victim's vehicle by force, hitting her several times before she fought him off and he fled. The court recalled that at the time of the original sentencing, the victim "was incredibly harmed psychologically" and that defendant "caused extreme emotional and physical and psychological harm on this woman."
{¶ 10} The need to protect the public is proportionately served by the consecutive sentences. Although defendant was not charged with a sexually-oriented offense, his ultimate motive with the car jacking can be fairly inferred from the record. When the police apprehended him, defendant was wearing a coat and ski mask despite outside temperatures of sixty degrees or more. He admitted that he had been peeping into windows and looking at women, and the police statement shows that he intended to retain and use mental images of these women as a catalyst for future self-gratification. Moreover, the court properly acknowledged that defendant had been paroled for only two months at the time of the offense, a fact that suggested he posed a high risk of recidivism.
{¶ 11} Taking all these factors into account, we cannot say that there is clear and convincing evidence to show that the court erred by imposing consecutive sentences. The second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, J., CONCURS. ANNE L. KILBANE, J., CONCURS IN PART ANDDISSENTS IN PART WITH SEPARATE CONCURRING AND DISSENTING OPINION.