[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 391.]

THE STATE OF OHIO, APPELLANT, *v*. JONES, APPELLEE.

[Cite as *State v. Jones*, 2001-Ohio-1341.]

*Criminal procedure—Sexual predators—R.C. 2950.09 prohibits a trial court from classifying a defendant as a sexual predator once that defendant has been acquitted of a sexually violent predator specification—Modified sentence imposed by court of appeals vacated and cause remanded to trial court for resentencing.*

(No. 00-1519—Submitted May 15, 2001—Decided October 3, 2001.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 76222.

_____

**DOUGLAS, J.**

{¶ 1} On the weekends of May 8 through May 10, 1998, and May 15 through May 17, 1998, Bonnie Curlee entrusted the care of her three daughters, ten-year-old L.C.,[1] nine-year-old A.C., and four-year-old D.C., to Bonnie's sister, Kathy Jones, and Kathy's husband, Lamont Jones, appellee. Living with Kathy and appellee at the time were their four daughters and one son, ranging in age from eight to sixteen, and their oldest daughter's young baby.[2]

{¶ 2} During one of the weekend visits, A.C. and her sisters fell asleep on the living room couch while watching television. A.C. later testified that she was awakened when appellee put his hand inside her clothing and tried to "finger" her "private." A.C. stood up and told appellee that she had to use the bathroom. When she came back from the bathroom, A.C. woke up her sisters, and they all went upstairs to sleep in their cousins' bedroom. On a separate occasion, A.C. and appellee were alone

---

1. To protect their identities, the victims are referred to by their initials only.

2. Kathy testified that she and appellee had been separated for several years, and that only she and her children and grandchild lived in the house. According to Kathy, appellee lived with his mother. The prosecution suggested that appellee merely listed his mother's address, which is in the city of Cleveland, as his home address in order to maintain his employment with the city.

in one of the second-floor bedrooms when appellee touched A.C. on her "bottom" with his finger.

**{¶ 3}** Appellee also molested L.C. during the weekend visits. During the May 8 weekend, L.C. and A.C. fell asleep while watching television with appellee on the couch. L.C. testified that she awoke when appellee "put his hand on my arm and then he went to my—to like my chest and stayed there * * * and then he went down into my shorts and my underwear and just had his hand on my private * * * and then when he had his hand right there, he tries to go even farther and tries to finger me." At that point, L.C. told appellee that she had to go to the bathroom. She left the room, but instead of using the bathroom she went upstairs to her cousins' bedroom to sleep.

**{¶ 4}** During the May 15 weekend, L.C. and one of her cousins fell asleep on the living room floor while watching television. Before L.C. fell asleep, appellee was sitting on the couch with D.C. L.C. was awakened when she felt appellee's hands on her. Appellee had moved down to the floor and was lying beside L.C. L.C. testified that appellee "touched my legs and tried to go to my private, because his hands did like a little spider up on my legs and tried to work his way to my private." L.C. further testified that appellee's hands were outside of her clothing but underneath the blanket that was covering her. L.C. then awakened her cousin by asking, "Who turned off the TV?" She testified that when she said this, appellee "moved his hand as quick as he can." L.C. then took D.C. upstairs to her cousins' bedroom and started crying.

**{¶ 5}** A.C. saw L.C. crying and asked her what was wrong. At first L.C. denied that anything was wrong, but when A.C. persisted, L.C. said, "Uncle Lamont was messing with me." A.C. replied, "Me too." The next morning, A.C. telephoned her mother, Bonnie, from the Joneses' home and told her that appellee was "messing with" her and L.C. When Bonnie came to get her daughters, both described to their mother the things that appellee had done to them. Bonnie had A.C. describe the incidents to Kathy, but Kathy dismissed the allegations by saying that appellee would not do anything like that.

{¶ 6} Thereafter, L.C. and A.C. underwent medical exams and were questioned by social workers, police, and attorneys from the prosecutor's office regarding the incidents. The Cuyahoga County Grand Jury subsequently indicted appellee on three counts (Counts 1, 2, and 3) of rape as defined in R.C. 2907.02, three counts (Counts 4, 5, and 6) of attempted rape as defined in R.C. 2923.02 and 2907.02, and two counts (Counts 7 and 8) of gross sexual imposition as defined in R.C. 2907.05. Each count contained a sexually violent predator specification pursuant to R.C. 2971.01(I).[3]

{¶ 7} Appellee pleaded not guilty and waived his right to a jury trial. He was released on bond pending the outcome of his trial.

{¶ 8} Appellee's trial was bifurcated, although the statute requires bifurcation only in a jury trial. R.C. 2971.02. Because a defendant must be convicted of a sexually violent offense before he or she can be found guilty of a sexually violent predator specification, R.C. 2971.01(H)(1), if appellee had not been convicted of one or more sexually violent offenses, the specifications would automatically have been dismissed. On the other hand, a conviction of one or more sexually violent offenses would trigger

---

3. "Sexually violent predator" is defined in R.C. 2971.01(H):
    "(1) 'Sexually violent predator' means a person who has been convicted of or pleaded guilty to committing * * * a sexually violent offense and is likely to engage in the future in one or more sexually violent offenses.
    "(2) For purposes of division (H)(1) of this section, any of the following factors may be considered as evidence tending to indicate that there is a likelihood that the person will engage in the future in one or more sexually violent offenses:
    "(a) The person has been convicted two or more times, in separate criminal actions, of a sexually oriented offense. * * *
    "(b) The person has a documented history from childhood, into the juvenile developmental years, that exhibits sexually deviant behavior.
    "(c) Available information or evidence suggests that the person chronically commits offenses with a sexual motivation.
    "(d) The person has committed one or more offenses in which the person has tortured or engaged in ritualistic acts with one or more victims.
    "(e) The person has committed one or more offenses in which one or more victims were physically harmed to the degree that the particular victim's life was in jeopardy.
    "(f) Any other relevant evidence."
    When a defendant is found guilty of a sexually violent predator specification, the minimum prison term becomes two years, and can be increased to life imprisonment. R.C. 2971.03. The standard of proof employed in determining whether an offender is guilty of a sexually violent predator specification is beyond a reasonable doubt. *State v. Williams* (2000), 88 Ohio St.3d 513, 531-532, 728 N.E.2d 342, 360.

a proceeding to determine whether appellee was also guilty of the attached sexually violent predator specifications.

{¶ 9} The first phase of appellee's trial began on November 9, 1998. After all of the evidence was submitted, the state of Ohio, appellant, dismissed Counts 2 (rape), 5 (attempted rape), and 8 (gross sexual imposition). The trial court, after noting that it found the victims to be very credible, found appellee guilty of four counts of gross sexual imposition as defined in R.C. 2907.05(A)(4), that is, sexual contact with a person who is less than thirteen years of age. Specifically, on Counts 1 (rape of L.C.), 3 (rape of A.C.), and 6 (attempted rape of L.C.), the trial court found appellee not guilty of the indicted offense but guilty of the lesser included offense of gross sexual imposition. The trial court also found appellee guilty of Count 7 (gross sexual imposition of A.C.). The trial court found appellee not guilty of Count 4 (attempted rape).

{¶ 10} Because the offenses appellee was found guilty of committing are sexually violent offenses as defined in R.C. 2971.01(G) and 2971.01(L)(1), proceedings were held to determine whether appellee was guilty of the sexually violent predator specifications contained in the indictment. At those proceedings, appellant incorporated by reference all of the trial testimony. It also attempted to show that appellee had committed a similar offense against another of his young nieces while he was awaiting the court's ruling in this case. Kathy's sister Jenita Curlee testified that while appellee was out on bond, she and her children moved in with Kathy and appellee. Jenita's ten-year-old daughter, M.B., testified that one night, while her mother was working, M.B. was watching television in the living room with two of her cousins and appellee. M.B. and her cousins fell asleep. M.B. testified that she awoke when she felt appellee rubbing her leg under the covers. M.B. tried to get up but appellee held her down by her leg. Appellee then pulled M.B.'s other leg over to him and started rubbing it. Again, M.B. tried to get up but appellee held her down. When M.B.'s cousin started coughing again, appellee stood up and lit some candles. M.B. got up and went into the bathroom. She watched appellee through a crack in the

bathroom door and when she saw him move away from the door she ran to a nearby room where one of her brothers was sleeping.

{¶ 11} After hearing the evidence, the trial court acquitted appellee of the sexually violent predator specifications. The court determined, however, that appellee was a sexual predator, as defined in R.C. 2950.01(E).[4]

{¶ 12} The trial court sentenced appellee to two years of imprisonment on each of the four counts of gross sexual imposition. The court ordered that the two-year prison terms imposed for Counts 3, 6, and 7 be served concurrently, but ordered that the two-year prison term imposed for Count 1 be served consecutively to that imposed for Counts 3, 6, and 7, for a total of four years of imprisonment.

---

4. R.C. 2950.01(E) provides:
" 'Sexual predator' means a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."
R.C. 2950.09(B)(2) sets forth the relevant factors the judge must consider in determining whether an offender is a sexual predator:
"(a) The offender's age;
"(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
"(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
"(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
"(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
"(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
"(g) Any mental illness or mental disability of the offender;
"(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
"(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
"(j) Any additional behavior characteristics that contribute to the offender's conduct."
An offender who is classified as a sexual predator is not subject to additional prison time as a result of this classification, but when released from prison, the offender has a duty, for the remainder of his or her life, to notify the sheriff of the county in which he or she resides or is temporarily domiciled for more than seven days, that he or she has been classified as a sexual predator. R.C. 2950.04, 2950.05. Within seven days, the sheriff must provide written notice to persons within a "specified geographical notification area" of the offender's name, address, offense of which the offender was convicted, and a statement that the offender has been classified as a sexual predator. R.C. 2950.11. The standard of proof employed in determining whether an offender is a sexual predator is clear and convincing evidence. R.C. 2950.09(B)(3).

{¶ 13} Appellee appealed the trial court's decision to the Court of Appeals for Cuyahoga County, raising two assignments of error. First, appellee argued that once he was acquitted of the sexually violent predator specifications in the indictment, the trial court was not authorized by law to classify him as a sexual predator. The court of appeals agreed and reversed the trial court's finding in that regard.

{¶ 14} Second, appellee challenged the sentence imposed by the trial court. Again the court of appeals ruled in appellee's favor and modified the sentence to a one-year term of imprisonment on each of the four counts with each to be served concurrently, for a total of one year of imprisonment. This matter is now before this court upon the allowance of a discretionary appeal.

{¶ 15} Appellant argues that the court of appeals erred in reversing the trial court's determination that appellee is a sexual predator and in modifying the sentence imposed by the trial court. We discuss these issues separately.

{¶ 16} After acquitting appellee of the sexually violent predator specifications contained in the indictment, the trial court determined that appellee was a sexual predator. The court of appeals held that, pursuant to R.C. 2950.09, once a defendant is acquitted of a sexually violent predator specification contained in the indictment the trial court is prohibited from determining that the defendant is a sexual predator. Consequently, the court of appeals reversed the trial court's determination that appellee is a sexual predator. For the following reasons, we reluctantly agree with the court of appeals' decision.

{¶ 17} Former R.C. 2950.09(A) provided:

"If a person is convicted of * * * a sexually oriented offense[5] that is a sexually violent offense and also is convicted of * * * a sexually violent predator specification that was included in the indictment * * *, the conviction of * * * the specification automatically classifies the offender as a sexual predator for purposes of this chapter. *In all other cases, a person who is convicted of * * * a sexually oriented offense may*

---

5. Gross sexual imposition is a "sexually oriented offense." R.C. 2950.01(D)(1).

*be classified as a sexual predator for purposes of this chapter only in accordance with division (B) or (C) of this section."* (Emphasis and footnote added.) 146 Ohio Laws, Part II, 2618. (The current version adds after the first sentence a sentence dealing with foreign convictions.)

{¶ 18} According to subsection (A), a defendant, such as appellee, who has been convicted of a sexually oriented offense but acquitted of a sexually violent predator specification can be classified as a sexual predator only in accordance with R.C. 2950.09(B) or (C). R.C. 2950.09(C) relates only to offenders convicted of a sexually oriented offense prior to January 1, 1997, and thus does not apply in this case. That leaves R.C. 2950.09(B) as the only possible applicable subsection for classifying as a sexual predator a defendant, such as appellee, who, after January 1, 1997, is convicted of committing a sexually oriented offense and is acquitted of a sexually violent predator specification contained in the indictment.

{¶ 19} However, R.C. 2950.09(B)(4) provides:

"A hearing shall *not* be conducted under division (B) of this section regarding an offender if the sexually oriented offense in question is a sexually violent offense and the indictment * * * charging the offense also included a sexually violent predator specification." (Emphasis added.)

{¶ 20} Clearly, R.C. 2950.09(B)(4) precludes a trial court from conducting a sexual predator hearing when, as in the case before us, the indictment charging the offender included a sexually violent predator specification. Appellant concedes that R.C. 2950.09(B) precludes the court from holding a sexual predator *hearing* in such cases but argues that that does not mean that the offender cannot be *classified* as a sexual predator. Appellant contends that in such cases a sexual predator hearing "is not necessary [because] the court would have just conducted a sexually violent predator specification hearing at which time the state would have presented all of the evidence necessary for the court to decide the specification as well as to decide whether or not a person may be classified as a sexual predator."

**{¶ 21}** We would be inclined to agree with appellant if, in determining whether an offender is guilty of a sexually violent predator specification, the jury (or court) is required to consider the factors set forth in R.C. 2950.09(B)(2) for determining whether an offender is a sexual predator. However, that is not the case. In fact, as noted by appellant, "the factors that are considered when determining whether or not an offender is a sexually violent predator or a sexual predator are quite distinct." (Factors to consider in determining the sexually violent predator specification and sexual predator classification are listed in footnotes three and four herein.) Therefore, a hearing would be necessary to determine whether the defendant is a sexual predator even after a hearing was held to determine whether the defendant is a sexually violent predator.[6] Thus, preclusion of a sexual predator hearing after acquittal of a sexually violent predator specification necessarily precludes a sexual predator classification.

**{¶ 22}** As an alternative argument, appellant contends that R.C. 2950.09(B)(4), which prohibits a court from holding a sexual predator hearing if the indictment included a sexually violent predator specification, is inconsistent with R.C. 2950.09(A), resulting in an ambiguous statute that must be construed so as to give effect to the purpose of the sexual predator legislation. In making this argument, however, appellant misstates the language in the last sentence of R.C. 2950.09(A). Specifically, appellant paraphrases that sentence as follows:

"Subsection (A) provides that 'in all other cases' a classification hearing must be held pursuant to either subsection (B) or subsection (C)."

**{¶ 23}** This is clearly a disingenuous paraphrasing of the actual language in R.C. 2950.09(A):

---

6. At the end of the hearing to determine whether appellee was a sexually violent predator, the trial judge asked the prosecutor to "address the sexual predator issue" in her final argument. The prosecutor then made a separate argument setting forth the R.C. 2950.09(B) factors for classifying an offender as a sexual predator and explained how appellee satisfied those factors. Thus, in effect, the court did hold an R.C. 2950.09(B) sexual predator hearing.

"In all other cases, a person who is convicted of * * * a sexually oriented offense may be classified as a sexual predator for purposes of this chapter only in accordance with division (B) or (C) of this section."

{¶ 24} We find that, as written, R.C. 2950.09 is not internally inconsistent but, rather, conveys a clear and definite meaning. Therefore, there is no need for this court to apply the rules of statutory interpretation. *Meeks v. Papadopulos* (1980), 62 Ohio St.2d 187, 190, 16 O.O.3d 212, 213, 404 N.E.2d 159, 161, citing *Sears v. Weimer* (1944), 143 Ohio St. 312, 28 O.O. 270, 55 N.E.2d 413, paragraph five of the syllabus.

{¶ 25} For the foregoing reasons, we agree with the court of appeals' determination that R.C. 2950.09 prohibits a trial court from classifying a defendant as a sexual predator once that defendant has been acquitted of a sexually violent predator specification. Accordingly, we affirm the court of appeals' judgment reversing the trial court's classification of appellee as a sexual predator.[7]

{¶ 26} We now review the court of appeals' decision to modify the sentence imposed by the trial court: two years of imprisonment for each of four counts of gross sexual imposition. A violation of R.C. 2907.05(A)(4) (gross sexual imposition on a victim less than thirteen years of age) is a felony of the third degree. R.C. 2907.05(B). Pursuant to R.C. 2929.14(A)(3), a felony of the third degree warrants a definite prison term of one, two, three, four, or five years. The two-year terms imposed by the trial court clearly fall within this range. However, R.C. 2929.14(B) mandates that when imposing a prison sentence upon an offender for a felony when the offender has not previously served a prison term, a court must impose the shortest prison term authorized for the offense unless the court finds on the record that the shortest prison

---

7. While we agree with the court of appeals that this is the correct interpretation of R.C. 2950.09, we do not agree with its conclusion that it would be "logically inconsistent" for an offender to be found not guilty of a sexually violent predator specification but then classified as a sexual predator. Not only are the factors for determining whether an offender is a sexually violent predator very different from the factors for determining whether an offender is a sexual predator, but the burdens of proof are as well. That is, an offender must be found guilty beyond a reasonable doubt of a sexually violent predator specification, whereas a judge determines whether an offender is a sexual predator by clear and convincing evidence.

term would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime by the offender.

{¶ 27} The court of appeals held that the sentence imposed by the trial court was contrary to R.C. 2929.14(B) because appellee had not previously served a prison term and the trial court did not make the requisite finding on the record for imposing prison terms longer than the one-year minimum. We agree.

{¶ 28} Prior to sentencing, the trial court stated:

"It's a tragedy that these incidents have occurred. The children were victimized. * * * [T]here is no question that the victims in this case suffered serious psychological harm as a result of this conduct on the part of the defendant.

"Also, more serious was the age of these children. They were very youthful. These types of crimes against children are very difficult to eradicate because * * * people having been convicted of these crimes have a very hard time of responding favorably to any kind of psychiatric or psychological counseling. So it is apparent to me that a period of incarceration is required. And given the fact that there were two different victims and two different incidents * * * what I'm attempting to do is to fashion a sentence as it regards both of the victims."

{¶ 29} Although these remarks arguably support a finding that the minimum one-year sentence would demean the seriousness of appellee's conduct and that the public would not be adequately protected if the minimum sentence were imposed, the court did not specify either of these reasons as supporting its deviation from the minimum sentence. In other words, the record does not reflect, as required by R.C. 2929.14(B), that the trial court first considered imposing the minimum one-year sentence and then decided to depart from that based on one or both of the permitted reasons. *State v. Edmonson* (1999), 86 Ohio St.3d 324, 327-328, 715 N.E.2d 131, 134-135.

{¶ 30} In addition to imposing more than the minimum prison term for each count, the trial court also specified that the prison term for Count 1 was to be served consecutively to the prison terms for the other three counts. The court explained that

it was attempting to have the prison terms imposed on appellee for those counts that were related to his crimes against L.C. served consecutively to the prison terms imposed for the counts related to his crimes against A.C.[8]

{¶ 31} R.C. 2929.14(E) provides:

"(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

"* * *

"(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct."

{¶ 32} Moreover, pursuant to R.C. 2929.19(B)(2)(c), when a trial court imposes consecutive sentences, it must state on the record its reasons for doing so. The court of appeals held that the trial court's order imposing consecutive sentences was contrary to law because the trial court failed to make the findings on the record required by R.C. 2929.19(B)(2)(c). Again, we agree.

{¶ 33} When a court of appeals "clearly and convincingly finds" that a sentence imposed by the trial court is contrary to law, the court of appeals may modify the sentence or vacate the sentence and remand the matter to the trial court for resentencing. R.C. 2953.08(G). While we agree with the court of appeals' determination that the sentence imposed by the trial court in this case was contrary to law, we find that the court of appeals erred in modifying the sentence rather than vacating it and remanding the cause to the trial court for resentencing.

---

8. Count 6 was actually for a crime against L.C., but the prosecutor incorrectly advised the judge at the time of sentencing that Counts 3, 6, and 7 were for crimes committed against A.C. This error did not affect the overall length of imprisonment imposed.

**{¶ 34}** It is clear from his remarks made prior to sentencing that the trial judge found that appellee's crimes were serious, that his victims suffered serious psychological harm, and that appellee posed a substantial threat to society. If these were the reasons the trial court deviated from imposing the minimum sentence and the trial court had explicitly said so, they would have been sufficient to support the imposition of more than the minimum prison sentence.[9] Rather than remanding for clarification, however, the court of appeals simply substituted its judgment for that of the trial court when it found that a "minimum prison term does not demean the seriousness of [appellee's] conduct nor fail to adequately protect the public from future crime by [appellee]." Therefore, the court of appeals' modification of appellee's sentence to a one-year term of imprisonment was in error. The trial court was clearly in the better position to judge the defendant's dangerousness and to ascertain the effect of the crimes on the victims. Thus, unless the sentence was clearly unsupported by the record, the court of appeals should have given the trial court the opportunity to explain the reason for the sentence it imposed.

**{¶ 35}** With regard to the trial court's imposition of consecutive sentences, the court of appeals found that "the trial court gave no reason whatsoever." This statement is in error. The trial court indicated that the consecutive sentences were imposed in order to take into account that appellee had committed similar crimes against two victims. This is clearly related to the seriousness of appellee's conduct and the likelihood that he will offend again in the future, both of which are factors to support consecutive sentences according to R.C. 2929.14(E)(4). The trial court should have been given the opportunity to explain its reasons for imposing this sentence,[10] but the court of appeals again substituted its judgment for that of the trial court's by finding,

---

9. The trial court rendered its decision in this case prior to our interpretation of R.C. 2929.14 in *Edmonson*, which requires a sentencing court to explicitly state its reasons for deviating from the minimum sentence. 86 Ohio St.3d at 327-328, 715 N.E.2d at 134-135.

10. The current version of R.C. 2953.08 provides that when a sentencing court fails to make the findings required by R.C. 2929.14(E)(4), a reviewing court must remand the cause to the sentencing court with instructions to state on the record the required findings. R.C. 2953.08(G)(1).

"There is nothing in the record to indicate that consecutive sentences are necessary to protect the public or to punish [appellee]. Furthermore, the consecutive sentences imposed in this case are disproportionate to the seriousness of [appellee's] conduct and the danger he poses to the public."

{¶ 36} For the foregoing reasons, we find that the court of appeals erred in modifying the sentence imposed by the trial court in this case. Accordingly, we vacate the modified sentence imposed by the court of appeals and remand this cause to the trial court for resentencing.

{¶ 37} For the foregoing reasons, we affirm the court of appeals' judgment reversing the trial court's classification of appellee as a sexual predator. In addition, we vacate the modified sentence imposed by the court of appeals and remand this cause to the trial court for resentencing.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

MOYER, C.J., F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

RESNICK and LUNDBERG STRATTON, JJ., concur in part and dissent in part.

_____

**LUNDBERG STRATTON, J., concurring in part and dissenting in part.**

{¶ 38} I concur in the judgment of the majority to remand this case to the trial court for resentencing. The trial judge should be given an opportunity to further explain his sentence on record.

{¶ 39} However, I respectfully dissent from the majority's decision to affirm the court of appeals' holding that defendant cannot be classified as a sexual predator as defined by R.C. 2950.01(E). I believe that the majority gives R.C. 2950.09(A) a hypertechnical reading that distorts the intent of the legislature and defies logic and common sense.

{¶ 40} R.C. 2950.09(A) states that a sexually violent predator specification conviction results in a defendant being *automatically* classified as a sexual predator.

However, the majority reads the phrase "In all other cases" as exclusive rather than inclusive. I would read "In all other cases" to include situations where a defendant was found not guilty of a sexually violent predator specification but guilty of a sexually violent offense. On that interpretation, a defendant convicted of a sexually violent offense but acquitted of the specification would stand on the same footing as one convicted of the same offense but never charged with a sexually violent predator specification. Both would face a sexual predator hearing, which is a civil action, not a criminal action. I do not believe the legislature intended one group of convicted sexually violent offenders to escape from all classification, as the majority allows. Rather, I believe the legislature intended only to have a conviction of a sexually violent predator specification lead to an *automatic* classification as a sexual predator.

{¶ 41} I also believe that the phrase "A hearing shall not be conducted" in R.C. 2950.09(B)(4) simply serves to make clear that a conviction on a sexually violent predator specification substitutes for a sexual predator hearing, thereby avoiding duplication. The different natures and requirements of the two findings also underscore my belief that the legislature did not intend a not guilty finding on the specification to *preclude* a civil classification as a sexual predator.

{¶ 42} A sexually violent predator specification is a criminal charge, making the penalty for the underlying offense an indefinite prison term of two years to life. It requires proof beyond a reasonable doubt. Its elements are different from the elements of classification as a sexual predator (as laid out by the majority in footnotes 3 and 4).

{¶ 43} Classification as a sexual predator is a civil action, carrying no criminal penalties, and requires clear and convincing evidence. It imposes only registration requirements.

{¶ 44} A sexually violent predator specification conviction in and of itself carries no registration requirements. The conviction automatically classifies the sexually violent predator as a sexual predator for civil registration purposes.

{¶ 45} Under the majority's interpretation, if a defendant is convicted of a sexually violent offense but acquitted of a sexually violent predator specification, there

is no civil hearing and the defendant never has to register. However, this defendant was convicted of several counts of gross sexual imposition of young girls, his nieces, and accused of fondling another niece. In my opinion, under R.C. 2950.09(A), he now fits the "all other cases" category because he was convicted of a *sexually oriented offense*. He is no different in status from a defendant convicted of the same charges but never *charged* with a sexually violent predator specification. Both should now be subject to a civil hearing to see if they meet the test for registering as a sexual predator. But defendant now cannot even be subject to the two lower classifications, a sexually oriented offender or habitual sex offender, with their lesser registration requirements. He will, instead, once he serves his term, be free to live anywhere without notification to the community even though he has been found in the past to prey on young girls.

{¶ 46} Under the majority's interpretation, a prosecutor now has little incentive to seek a sexually violent predator specification lest the prosecutor risk losing the ability to classify the defendant as a sexual predator who must register pursuant to statute. If the prosecutor refuses to indict on a sexually violent predator specification, at least the state can be assured the defendant will have a sexual predator hearing. I do not believe the legislature intended this result.

{¶ 47} For these reasons, I respectfully dissent from the majority's conclusion on the meaning of R.C. 2950.09.

RESNICK, J., concurs in the foregoing opinion.

_____

*William D. Mason*, Cuyahoga County Prosecuting Attorney, *Lisa Reitz Williamson* and *Kristen L. Lusnia*, Assistant Prosecuting Attorneys, for appellant.

*John P. Parker*, for appellee.

_____