OPINION
Defendant-appellant, Dwight Lane, entered an "Alford" plea to three counts of gross sexual imposition.[1] After accepting the plea, the trial court sentenced appellant on two of the three charges, imposing a five-year jail term and a $5,000 fine on each count. The court ordered the jail sentences to be served consecutively.
As his sole assignment of error on appeal, appellant claims the trial court erred by imposing maximum consecutive sentences.
R.C. 2929.19(B)(2) provides that:
 The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
* * *
 (c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences.
 (e) If the sentence is for two or more offenses arising out of a single incident and it imposes a prison term for those offenses that is the maximum prison term allowed for the offense of the highest degree by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term.
R.C. 2929.19(B)(2)(c) requires the trial court to state its reasons on the record when imposing consecutive sentences. State v. Jones (2001),93 Ohio St.3d 391, 399. Furthermore, when the trial court imposes a maximum prison term for two or more offenses arising out of a single incident, R.C. 2929.19(B)(2)(e) requires that the court state its reasons on the record. See State v. Edmondson (1999), 86 Ohio St.3d 324 at 328-329.
Although the sentencing entry states that the trial court was imposing maximum and consecutive sentences "for the reasons stated on the record," the record in the case at bar is inadequate to demonstrate compliance with R.C. 2929.19(B).[2]
The state concedes that the record is inadequate and fails to comply with the statutory requirement that the court state its reasons on the record when imposing consecutive sentences. Jones. Failure to do so renders the sentence contrary to law. Id. See, also, R.C. 2953.08(G).
Absent an adequate record, appellant's sentence is contrary to law. We accordingly sustain the assignment of error, vacate the sentence, and remand the case to the trial court for resentencing.Jones.
Judgment reversed and remanded for resentencing.
YOUNG and POWELL, JJ., concur.
[1] The "Alford" guilty plea is considered a qualified guilty plea because it allows a defendant to enter a guilty plea yet maintain his innocence. See North Carolina v. Alford (1970), 400 U.S. 25,91 S.Ct. 160.
[2] The transcript shows that when the court began sentencing proceedings, appellant made a statement in mitigation, after which the court asked whether the victim was present. When the prosecutor answered in the negative, the court went off the record. When the court came back on the record, it immediately pronounced sentence and the hearing concluded. A reporter's note at the end of the transcript indicates that the court's recording device was apparently not turned on for the entire duration of the sentencing hearing.