As I disagree with the majority's resolution of appellant's assigned error concerning consecutive sentencing, I must dissent in part, as the majority opinion conflicts with our recent decision in State v. Boland, 7th Dist. No. 00-CA-126, 2002-Ohio-1163. I would find here, as we did inBoland, that the trial court failed to make the findings required by R.C. 2929.14(E)(4) to impose consecutive sentences upon the defendant, Edward Dubose. Thus, I would reverse the trial court's decision and remand this case for re-sentencing.
As the majority points out, R.C. 2929.14(E) allows a trial court under certain circumstances to impose consecutive sentences upon a criminal defendant convicted of more than one felony offense. In this case the applicable subsection is R.C. 2929.14(E)(4) which states as follows:
"If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 "(c) The offender's history of criminal conduct demonstrated that consecutive sentences are necessary to protect the public from future crime by the offender." R.C. 2929.14(E)(4).
As we stated in Boland:
 "In addition to issuing findings in support of its decision to impose consecutive sentences, under R.C. 2929.19(B)(2)(c), the trial court must also detail the reasons that underlie such a finding. While the court's `findings' essentially set forth its conclusions based on a consideration of the facts of a case and relevant statutory factors, a statement of `reasons' requires a judge to set forth the facts and circumstances considered, the importance attached to them and the processes by which those facts and circumstances led to the conclusions reached." Id. at ¶ 79.
In Boland, the trial court made the following comments at sentencing:
 "I just cannot allow this to go on because she scammed her employer. She scammed you. She scammed the bank. And when you scam people, especially when you are using cash, it affects everything that goes on in this world. You have to be punished. And she's going to be punished." Id. at ¶ 82.
The trial court further found "while awaiting sentencing, [Appellant] opened an account at the Home Savings and Loan using checks she knew were drawn on a closed account." Id. at ¶ 83. This court found that "[w]hile the aforementioned comments do demonstrate the trial court's abhorrence for Appellant's conduct, they do not comport with the requirements of R.C. 2929.14 and 2929(B)(2)(c) [sic]" and any sentence lacking those findings is invalid. Id. at ¶ 84.
In this case, the trial court's sentencing entry is devoid of any of the statutorily mandated findings and reasons to support consecutive sentences. Turning to the sentencing hearings transcript, the trial court stated:
"I have evaluated the potential recidivism here, and it would appear very, very significant view of the defendant's prior record and in view of the fact that this incident has involved not only the fact that it is somewhat domestic in nature, but in view of the fact that the defendant, in fact, used a firearm. Not just a small firearm.
"I think that we all recall in looking at the house, that damage that was done to the house, in particular some of the iron that was hit by the slugs that were involved in this thing, had those hit a child that was in that house or had they hit a person that was in that house, then we would be here under a lot different circumstance."
As we stated in Boland, these comments demonstrate how seriously the trial court considered Dubose's actions. Indeed, they may be part of the reasons required by R.C. 2929.19(B)(2)(c) for the trial court to make the findings required by R.C. 2929.14(E)(4). However, these statements do not comport with the requirements of R.C. 2929.14(E)(4). There is no finding that consecutive sentences are needed to protect the public or to punish the offender. There is no finding that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger he poses to the public. Without these findings or their substantive equivalent, the sentencing entry is invalid. Boland at ¶ 84.
As the Ohio Supreme Court has recently noted, when the trial court makes statements which could support the findings required by R.C.2929.14(E)(4) and 2929.19(B)(2)(c), the case should be remanded so the trial court may have the opportunity to explain its reasons for imposing the sentence. State v. Jones, 93 Ohio St.3d 391, 400, 2001-Ohio-1341,754 N.E.2d 1252. Accordingly, I would find the trial court did not comply with R.C. 2929.14(E)(4) and would remand the cause for re-sentencing.