{¶ 29} I concur in the disposition of the assignments of error, but write separately to dispel any reliance upon State v. DeAmiches
(Mar. 1, 2001), Cuyahoga App. No. 77609, as authority for the proposition that we may impose sentence according to our view of the evidence.
{¶ 30} To be sure, R.C. 2953.08(G)(2) permits the court of appeals to modify the sentence or vacate the sentence and remand the matter to the trial court for resentencing when it "clearly and convincingly finds" that a sentence imposed by the trial court is contrary to law. However, in State v. Jones, 93 Ohio St.3d 391, 399, 2001-Ohio-1341, the Ohio Supreme Court admonished the courts of appeals that when a sentence is found to be contrary to law, the court of appeals errs by "modifying the sentence rather than vacating it and remanding the cause to the trial court for resentencing." The Supreme Court went on to say that the courts of appeals are not at liberty to substitute their judgment for that of the trial court.
{¶ 31} I believe our R.C. 2953.08(G)(2) authority to impose a sentence arises only in cases where there is no discretion in imposing sentence — for example, when the trial court fails to order a mandatory and definite prison term according to statute. Otherwise, we must defer to the trial court for resentencing so that the trial court can exercise its discretion. To the extent that DeAmiches suggests otherwise, I would find that case to be an aberration and obviously no longer good law.