OPINION
{¶ 1} Appellant, Justin D. Rupert, appeals from the sentencing entry of the Lake County Court of Common Pleas dated August 15, 2001.
 {¶ 2} On June 13, 2001, appellant was charged by way of information with eight counts of robbery, in violation of R.C. 2911.02(A), felonies of the second degree. On June 15, 2001, appellant entered a written plea of guilty to the charges. In an entry dated June 19, 2001, the trial court accepted appellant's guilty plea and deferred sentencing to a later date so that the matter could be referred to the Lake County Adult Probation Department for a presentence investigation report, drug and alcohol evaluation, and victim impact statements. A sentencing hearing was held on August 9, 2001. In an entry dated August 15, 2001, the trial court sentenced appellant to two years on each of the first seven counts to be served consecutively to each other, and a term of two years on the eighth count to be served concurrently to each other, for a total of fourteen years. It is from that entry appellant timely filed the instant appeal and assigns the following as error:
 {¶ 3} "The trial court erred to the prejudice of [appellant] when it ordered consecutive sentences."
 {¶ 4} Under his sole assignment of error, appellant contends that the trial court erred in sentencing appellant to consecutive terms because the trial court failed to state the reasons as required by R.C.2929.19(B)(2)(c) and because the trial court misapplied the factors pursuant to R.C. 2929.14(E)(4).
 {¶ 5} A reviewing court will not reverse a sentence unless an appellant demonstrates that the trial court was statutorily incorrect or that it abused its discretion by failing to consider sentencing factors.State v. Chapman (Mar. 17, 2000), 11th Dist. No. 98-P-0075, 2000 WL 286684, at 10. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980),62 Ohio St.2d 151, 157. An appellate court may modify or vacate a sentence if it is contrary to law. R.C. 2953.08(G)(2). When the trial court does not sufficiently state reasons for the consecutive sentences, the matter should be remanded to the trial court for clarification. See, generally, State v. Jones (2001), 93 Ohio St.3d 391, 400.
 {¶ 6} Before imposing consecutive sentences, a trial court must make the findings contained in R.C. 2929.14(E)(4) on the record. Statev. Fitzpatrick (Dec. 1, 2000), 11th Dist. No. 99-L-164, 2000 WL 1774139, at 5, citing State v. Kase (Sept. 25, 1998), 11th Dist. No. 97-A-0083, 1998 WL 682392, at 1-2. First, the trial court must find that consecutive sentences are "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public[.]" R.C. 2929.14(E)(4). Secondly, the trial court must determine that one of the other factors listed in R.C. 2929.14(E)(4) also exists: (a) the offender was awaiting trial or sentencing or was under community control sanction, (b) the harm caused by the offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of the offender's conduct, or (c) the offender's history of criminal conduct proves that consecutive sentences are needed to protect the public from future crime. State v.Norwood (June 8, 2001), 11th Dist. No. 2000-L-072, 2001 WL 635951, at 4.
 {¶ 7} If a trial court merely asserts that it has reviewed the provisions in R.C. 2929.14, that alone, is not a sufficient finding on the record of the court's reasoning relative to the statutory factors for imposing a particular sentence. Fitzpatrick, supra, at 5. The findings mandated by R.C. 2929.14 must appear in the judgment entry or in the transcript of the sentencing hearing. Id.
 {¶ 8} Furthermore, when consecutive sentences are imposed under R.C. 2929.14, the trial court must also follow the requirements of R.C.2929.19(B)(2)(c), which states that the trial court justify the imposition of consecutive sentences:
 {¶ 9} "(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 10} "***
 {¶ 11} "(c) If it imposes consecutive sentences under section2929.14 of the Revised Code, its reasons for imposing the consecutive sentences[.]"
 {¶ 12} In the instant matter, the trial court satisfied the initial requirement of R.C. 2929.14(E)(4) by finding in its judgment entry that consecutive sentences were necessary to protect the public from future crime or to punish appellant, and were not disproportionate to the seriousness of appellant's conduct and the danger he poses to the public. The court also met the second requirement under R.C. 2929.14(E)(4) because in its entry it determined that "the harm caused by the multiple offenses committed by [appellant] was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of [appellant's] conduct. See R.C. 2929.14(E)(4)(b).
 {¶ 13} However, the trial court must also justify the imposition of consecutive sentences as required by R.C. 2929.19(B)(2)(c). At the sentencing hearing, two of the victims testified. One of the victims stated that appellant was "the one with the gun." She proceeded to say that appellant was "unaware of the trauma to [her]. My God, [appellant] had a gun. [She] thought it might be fake, but [she] couldn't risk it." She proceeded by explaining that she felt her "life was going to end that night for less than $100, never to see [her] family again." The other victim related that she "can't even go into the restaurant at night, [she] can't go out at night." She indicated that the incident "was frightening to — to look up and have a — in the dark and have a gun pointed at [you]."
 {¶ 14} The trial court explained that "the victims suffered serious psychological and economic harm; *** the offender acted as part of an organized criminal activity; *** the offender has no less culpability than the other two defendants that were caught and sentenced in this case. *** [T]here are no factors indicating that the offense is less serious." The trial court added that "the harm caused by the multiple offenses committed by appellant was so great or unusual that no single term for any of the offenses committed as part of the single course of conduct adequately reflects the seriousness of [appellant's] conduct. *** [C]onsecutive sentences are necessary in order to protect the public and punish [appellant] and are not disproportionate to the seriousness of [appellant's] conduct and the danger [appellant] poses to the public; and that [appellant] caused such great harm that no single prison term for any of the offenses committed as part of a single course of conduct reflects the seriousness of [appellant's] conduct."
 {¶ 15} After reviewing the record, which included the presentence report, the psychiatric evaluation, and the victim impact statements, it is our view that the trial court did not support its findings with reference to the factual underpinnings of the case pursuant to the requirements of R.C. 2929.19(B)(2)(c). See, e.g., State v. Gonzalez
(Mar. 15, 2001), 8th Dist. No. 77338, 2001 WL 259186, at 10.2929.19(B)(2)(c) requires the trial court to provide reasons why consecutive sentences were imposed. The lower court made all of the statutory findings, but there was no development of the underlying facts as they relate to the statutory factors. Thus, in terms of the record, the trial court did not fully comply with the mandate of R.C.2929.19(B)(2)(c) and erred in imposing consecutive sentences. Appellant's lone assignment of error is well-taken.
 {¶ 16} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is reversed, and the matter is remanded for further proceedings consistent with this opinion.
ROBERT A. NADER, J., concurs.