{¶ 17} I respectfully concur with the judgment and opinion of the majority with the following additional comments. Common sense should tell us that, despite being guilty of essentially the same crimes, the three defendants involved in this trio of cases should not automatically receive the same sentence. See State v. Earle, 11th Dist. No. 2001-L-159, 2002-Ohio-4510 and State v. Rupert (Dec. 13, 2002), 11th Dist. No. 2001-L-151. Mitigating factors may not impact guilt, but they can and should impact sentencing.
 {¶ 18} I understand that R.C. 2929.19(E)(4) is written in the disjunctive, such that only one of three factors must be found in order to impose consecutive sentences. Nevertheless, in the interest of justice, the trial court ought to be willing to demonstrate that it understands and appreciates the difference between criminals who primarily suffer from aggravated stupidity as opposed to those criminals who are simply bad to the bone.
 {¶ 19} When sentencing an offender for a felony, a trial court must consider such things as the seriousness of the offender's conduct, the offender's criminal record, and the circumstances under which the crime was committed. R.C. 2929.12. See, also, State v. Arnett (2000),88 Ohio St.3d 208, 213 (observing that "R.C. 2929.12(A) *** permits the sentencing judge to consider `any other factors that are relevant to achieving those purposes and principles of sentencing.'").
 {¶ 20} This assessment of the sentencing rationale in no way is meant to diminish the rights of the victims to have justice. There can be no question that there are certain circumstances where the horrendous facts of a particular crime would overshadow any redeeming qualities of the accused. However, as appellate judges, we have an overview of the entire judicial process. As such, we are in the unique position of viewing not only the "bad," but also the "really bad." There is not much we have not seen.
 {¶ 21} This goes to my point that perhaps two of the three defendants involved in these cases are distinguishable from the third. The first defendant, Richard Earle ("Earle"), appealed his sentence to this court on the basis that his fourteen-year sentence was excessive. We agreed and reduced the sentence by one-half.
 {¶ 22} In doing so, we concluded that the record on appeal contained only two victim impact statements, and that those particular statements did not support the trial court's finding that the victims were put in fear of their lives. It was also apparent that Earle, despite a long-standing drug addiction, had a very modest criminal record. Thus, it appeared that the three-week crime spree was an aberration compared to his previous record, and was primarily the result of Earle's relentlessly increasing drug addiction and the need to support it.
 {¶ 23} On the other hand, in the case of Matthew Rupert, there was an extensive criminal history that not only included an escalating drug addiction, but also included felony convictions and violent offenses. Moreover, the record in his case contained additional victim impact statements concerning the trauma his actions caused during the crime spree. This record was significantly more compelling than the record available in Earle's case.
 {¶ 24} In the instant matter, the record shows that appellant had one conviction for open container, two convictions for driving under the influence, and several driving under suspension violations. This is a record that is remarkably similar to those held by some of our finest citizens. Appellant had no juvenile record.
 {¶ 25} Similar to the situation in Earle, appellant's convictions resulted from what was essentially a three-week binge that occurred because appellant bottomed out with his drug addiction. Up until that point, appellant had managed to be a relatively functional citizen with only misdemeanor criminal convictions and somewhat steady employment.
 {¶ 26} The record further indicates that the three men went to some effort, by their standards, to be extremely careful not to actually put any of the victims at risk. Specifically, there was a conscious effort to only carry a toy gun or pellet gun during the commission of the crimes. It is apparent that none of the victims were physically abused or in actual danger of being shot, as is too often the case in similar matters that come before this court.
 {¶ 27} All of the above are factors that do not impact an offender's guilt. However, they certainly are worthy of consideration with respect to their impact on sentencing issues.
 {¶ 28} That being said, the majority has correctly interpreted the Supreme Court of Ohio's decision in State v. Jones (2001),93 Ohio St.3d 391, as essentially gutting the power given to the appellate courts to modify sentences. Nevertheless, I believe our remand on procedural issues gives the trial court the opportunity to address and consider the points I have raised herein.