This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Labron Yeager has appealed the sentencing decision of the Summit County Court of Common Pleas, which sentenced him to consecutive prison terms. This Court affirms.
 I
{¶ 2} In January and February 2002, Appellant and several co-defendants were indicted on numerous counts of breaking and entering, in violation of R.C. 2911.13(A); receiving stolen property, in violation of R.C. 2913.51(A); and engaging in a pattern of corrupt activity, in violation of R.C. 2923.32(A)(1). Appellant pleaded not guilty to the counts as charged in the indictment, and the matter was set for trial. After the trial, the jury returned a verdict of guilty on four counts of breaking and entering. The trial court then sentenced Appellant to a definite term of twelve months imprisonment on each count, to be served consecutively, for a total sentence of four years imprisonment. Appellant has timely appealed, asserting one assignment of error.
 II Assignment of Error "THE COURT ABUSED ITS DISCRETION IN IMPOSING MAXIMUM, CONSECUTIVE SENTENCES WHICH IS CONTRARY TO LAW."
{¶ 3} In Appellant's sole assignment of error, he has argued that the trial court abused its discretion by imposing consecutive sentences. Specifically, Appellant has argued that the trial court failed to consider his role in helping the police break a two-year crime spree when imposing consecutive sentences. We disagree.
{¶ 4} As an initial matter, we note that Appellant has not challenged his sentence on the ground that the trial court failed to make the requisite findings and reasons when imposing the consecutive sentences as required by R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(c). Rather, Appellant has simply argued that the trial court failed to consider the fact that Appellant willfully aided the police in their investigation and that the trial court "gave [Appellant] no consideration for his good deed of stopping the crime spree."
{¶ 5} Our review of Appellant's sentence does not hinge on whether the trial court considered Appellant's "good deed," but whether the trial court complied with the statutory mandates of R.C. Chapter 2929. As such, this Court may not disturb a trial court's sentencing decision unless we find by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2953.08(G)(2). Clear and convincing evidence is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
{¶ 6} R.C. 2929.14(E)(4) sets forth the findings required before a trial court imposes consecutive sentences. That section provides:
 "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to [R.C. 2929.16], [R.C. 2929.17], or [R.C. 2929.18], or was under post-release control for a prior offense.
 "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct;
 "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
{¶ 7} Futhermore, R.C. 2929.19(B)(2)(c) requires that when a court imposes consecutive sentences pursuant to R.C. 2929.14, the court must specify on the record its reasons for doing so. State v. Jones (2001),93 Ohio St.3d 391, 399.
{¶ 8} In the instant matter, the trial court complied with R.C.2929.14(E)(4) and R.C. 2929.19(B)(2)(c). That is, the trial court made the required findings and reasons for imposing consecutive sentences.
{¶ 9} During the sentencing hearing, the trial court explained:
 "[C]onsecutive sentences are necessary to protect the public from future crimes and are not disproportionate to the seriousness of your [referring to Appellant and his two co-defendants] conduct, and the danger that each of you pose to the public. The Court further finds that the harm caused by you was so great and unusual that no single prison term for any one of the offenses committed as part of a single course of conduct adequately reflects the seriousness of your conduct."
{¶ 10} The trial court specifically noted that Appellant involved minors in the break-ins, which the trial judge found to be abhorrent to his social senses, stating:
 "I sat here and thought about those kids growing up in an environment, whereby God knows it's hard enough for them to have any hope at all and then for you to go out and get them involved in crime is about as bad as anything that you could possibly do."
{¶ 11} Finally, the trial court noted that consecutive sentences were appropriate in light of the fact that Appellant was on parole when the incidents occurred and "to impose any sentence less than what the Court just imposed would seriously demean the concept of your conduct in relation to what you did."
{¶ 12} As the trial court provided both findings and reasons for imposing consecutive sentences, pursuant to R.C. 2929.14(E)(4) and R.C.2929.19(B)(2)(c), this Court must further decide whether the record supports the trial court's findings. See State v. Pacely (March 6, 2002), 9th Dist. No. 01CA007784, at 6. In Pacely, this Court stated:
 "If an appellant merely challenges whether or not the trial court made the required findings for imposing consecutive sentences and the appellate court finds that the trial court made the findings, the appellate court's review is complete. However, if, as in this case, the appellant challenges whether or not the record supported the findings of the trial court, the appellate court must proceed to an analysis under R.C. 2953.08(G)(2)."
{¶ 13} In the case sub judice, the trial court was presented with sufficient evidence to conclude that 1) consecutive sentences were necessary to protect the public from future crime; 2) consecutive sentences were not disproportionate to the seriousness of the offender's conduct; 3) the harm caused by two or more of the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; and 4) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
{¶ 14} The evidence adduced at trial showed that Appellant was currently on parole when the crimes occurred. The evidence also indicated that Appellant had involved his son and nephew, both minors, in the break-ins. Furthermore, the evidence showed that despite Appellant's attempts to diminish his role in the break-ins, he either acted as a lookout or directed other parties to steal certain items. As there was sufficient evidence for the trial court to make the required findings to impose consecutive sentences, this Court cannot clearly and convincingly find that the record does not support the sentencing findings under R.C.2929.14(E)(4) or that the sentence is contrary to law. Accordingly, Appellant's assignment of error is without merit.
 III
{¶ 15} Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
SLABY, P.J. CONCURS.
CARR, J. CONCURS IN JUDGMENT ONLY.