JOURNAL ENTRY AND OPINION.
{¶ 1} This is an appeal by Eugene Williams from sentences imposed by Judge Brian J. Corrigan. Although he asserts error in making his sentences consecutive, we find that he was given sentences for burglary and robbery, offenses of higher degree than those to which he pleaded guilty, and was never sentenced at all for an intimidation count. We vacate the sentence and remand for resentencing.
 {¶ 2} In May of 2002, Williams was indicted on one count of burglary of an occupied structure, a felony of the second degree[1]
(#423249). In June of 2002, he was indicted on six counts of burglary of other occupied structures, also felonies of the second degree; one count of robbery, a felony of the second degree;[2] one count of intimidation of a witness;[3] and four counts of theft with elderly specifications, which were felonies of varying degree[4] (#424274). In July of 2002, he was indicted on one count of theft, in an amount between five hundred and five thousand dollars, with an elderly specification, a felony of the fourth degree (#425455).
 {¶ 3} At the August 2002 plea hearing, the parties outlined the plea agreement they had reached. In Case #423249, Williams pleaded guilty to one count of burglary, a third degree felony. In Case #424274, Williams pleaded guilty to six "third degree felony" burglaries; intimidation, also a felony of the third degree; and a robbery count amended to attempted robbery, a felony of the third degree. In Case #425455, Williams pleaded guilty to the indicted charge of theft with an elderly specification, a felony of the fourth degree. All counts in case #424274, not amended or mentioned above, were nolled at the hearing.
 {¶ 4} The judge remarked, "As I've previously stated, it appears you're going to plead guilty to one, two, three, four, five, six, seven, eight, nine felonies of the third degree * * *," and he also mentioned on the record that Williams was pleading guilty to a fourth degree felony in case #425455.
 {¶ 5} The journal entries memorializing this plea hearing correctly stated that Williams pleaded guilty to amended, third-degree felony burglary in Case #423249 and to theft with an elderly specification in Case #425455, a felony of the fourth degree. The journal entry issued for Case #424274, however, states,
 {¶ 6} "Defendant retracts former plea of not guilty and entersplea of guilty to [second-degree felony] burglary * * * in Count 1, guiltyto [second-degree felony] robbery * * * in Count 2, and guilty to [FiveCounts of third-degree felony] burglary * * * as amended in Counts Fourthrough Eight. * * * Remaining Counts are dismissed. * * *" (Emphasis added.)
 {¶ 7} This journal entry incorrectly omitted the amendments to two second-degree felony charges stipulated at the plea hearing, and omitted the intimidation charge plea, which is "Count 3" of Case #424274.
 {¶ 8} At sentencing on September 19, 2002, the judge stated,
 {¶ 9} "In case 423249, you are sentenced to a period of incarceration of three years. In case 424274 count 1, that is burglary, a period of incarceration of seven years; count two, a period of incarceration of seven years. Counts four, five, six, seven and eight, three years each."
 {¶ 10} "Case number 425455 count one, twelve months, to be served as follows: Case 423249 is to be consecutive to 424274 counts one and two are to be concurrent with each other but consecutive to four through eight and, finally, case 425455 twelve months concurrent with the other two cases [punctuation sic]. By my math, it figures it's like 20."
 {¶ 11} Here, again, the judge's oral pronouncement of sentence fails to impose any punishment for the intimidation count.
 {¶ 12} The journal entry memorializing the entry of sentence for Case #423249 reflects a sentence of three years imprisonment, consecutive to sentence imposed in Case #424274, consistent with his pronouncement from the bench at the sentencing hearing. The sentencing journal entry for Case #425455 correctly pronounces the sentence at hearing of twelve months imprisonment, concurrent with sentences imposed in Cases 423249 and 424274. The sentencing entry for Case #424274, however, reads,
 {¶ 13} "The court imposes a prison term at Lorain CorrectionalInstitution of 7 years on each Counts 1 and 2 and a term of three yearson each of Counts 4, 5, 6, 7 and 8. Counts 1 and 2 run consecutive toeach other, but concurrently with Counts 4, 5, 6, 7 and 8."
 {¶ 14} Once, again, the intimidation count to which Williams pleaded guilty was not mentioned at all.
 {¶ 15} Williams then appealed, based on the assumption that all counts in the indictment had been adjudicated, and he challenged the imposition of what both parties to this case characterize as a seventeen-year prison term. Indeed, under the three sentencing journal entries filed on the lower cases, the aggregate term imposed is seventeen years: each seven-year second-degree felony sentence handed down in Case #424274, to be served consecutively, added to the three-year term imposed on Case #423249, with all other counts to run concurrently, yields a total term of seventeen years. If one follows the record of the sentencing hearing, however, it is unclear what Williams' sentence is because, punctuation difficulties in the transcript notwithstanding, the judge's hand-written "Sentencing Journal Form" in the file for Case #424274 unequivocally states that the sentence for Case #423249 (three years) is to be consecutive to Case #424274 (entailing two concurrent seven-year prison terms for the second-degree felony burglary and robbery counts, followed by a consecutive three-year prison term for, collectively, all of the third-degree burglary counts). Since the twelve-month prison term imposed for case #425455 was run concurrently, this all adds up to only a thirteen-year prison term.
 {¶ 16} Under R.C. 2929.14(E)(4), a judge may sentence a defendant to consecutive terms of imprisonment for multiple crimes in the following circumstances:
 {¶ 17} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 18} (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 19} (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 20} (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."[5]
 {¶ 21} In making such findings that consecutive sentences are appropriate, a judge must articulate, on the record, the reasons for the findings made.[6] An appellate court may disturb a consecutive sentence imposed only if it clearly and convincingly finds that the record does not support the judge's findings under the statutory factors found in R.C. 2929.13(B) and (D) or the sentence is otherwise contrary to law.[7]
 {¶ 22} Preliminarily, we note that the offenses to which Williams admitted guilt were not defined in any amount of detail whatsoever, either at the plea hearing or at sentencing. At sentencing, Williams' lawyer urged leniency because his client apparently suffers from psychiatric disorders which require him to take psychotropic medications, he has never held a job and he seems to live by stealing, and the dollar amounts for all the offenses to which Williams pleaded guilty added up to a comparatively small amount of money. The State countered that there were, in all, nine victims involved; Mr. Williams had a "horrendous" record; and, he committed these offenses while on post release control.
 {¶ 23} Because there was no reference to the presentence investigation report, all we can glean from the record is that the judge considered Williams to have a consistent history of theft-oriented crimes going back to 1980, that his victims in the past, as well as in many counts sub judice, were elderly persons and involved at least a small degree of force. No crime is alleged or described in terms of what actually occurred.
 {¶ 24} In justifying consecutive sentences in the case sub judice, the judge observed,
 {¶ 25} "A couple of things here I have to observe, Mr. Williams, and that is your record goes back to 1980. You have been in and out of prison a number of times."
 {¶ 26} "Most recently you were sentenced to six months at Lorain in January of 2001 and sometime last year you got out. Here we have this year, in April — in March, April and May, and January, you are back in trouble doing these things again."
 {¶ 27} "While I accepted what your attorney tells me about your multi [sic] severe psychiatric disorders, at some point in time, society has got to say enough is enough, and I think this is that time. * * *"
 {¶ 28} "Oh, the Court does find the following, too, just to make sure there are no problems across the street, that these are consecutive."
 {¶ 29} "The defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes caused by the defendant."
 {¶ 30} "The Court further finds that anything other than this will demean the seriousness of the crimes and these incidents we have here were either dealing with the elderly or with women."
 {¶ 31} "Notwithstanding his multi [sic] sever[e] psychiatric disorders, that's the decision of the Court. Good luck."
 {¶ 32} We do not dispute that the judge articulated reasons on the record constituting compliance with R.C. 2929.14(E)(4)(c)'s requirement that he give reasons for finding that consecutive sentences were necessary to protect the public from Williams' potential future crimes — Williams' propensity for theft offenses, particularly against the elderly, is certainly evident. It is also undisputed that Williams committed the offenses sub judice while on post release control, satisfying R.C. 2929.14(E)(4)(a).[8] The judge's findings, however, must show that consecutive sentences "[are] necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"[9]
(emphasis added). He did not, however, explain why the consecutive sentences were not disproportionate to the seriousness of Williams' conduct,[10] for the judge gave no factual reason that Williams' crimes, never described in the record, were serious enough to justify consecutive sentences. Hence, remand is appropriate.
 {¶ 33} Additionally, we note that the plea hearing and sentencing journal entries in this case, reflecting that Williams had pleaded guilty to two second degree felony counts, are inaccurate. During the plea hearing, the highest degree of felony to which Williams pleaded guilty was the third degree. Additionally, it is unclear, as between the typed computer docket of this case and the handwritten journal entry in the record, which counts were to be concurrent or consecutive. Additionally, Williams has never been sentenced for the count of intimidation for which he pleaded guilty. The judge was without authority to sentence him to a prison term for felonies of the second degree when he had accepted his plea for third degree felonies, the sentencing is incomplete and the sentence is contrary to law.[11]
ANN DYKE, J., and ANTHONY O. CALABRESE JR., J., concur.
[1] R.C. 2911.12(A)(1).
[2] R.C. 2911.02(A)(2) and (B).
[3] R.C. 2921.04(B) and (D).
[4] R.C. 2913.02(A) and (B).
[5] R.C. 2929.14(E)(4).
[6] R.C. 2929.19(B)(2)(d); State v. Jones (2001), 93 Ohio St.3d 391,399, 754 N.E.2d 1252, 1260.
[7] R.C. 2953.08(G).
[8] We note that the judge only needed to comply with either R.C.2929.14(E)(4)(a), (b), or (c) in order to satisfy the latter half of that section.
[9] R.C. 2929.14(E).
[10] See, generally, R.C. 2929.14(E)(4); State v. Colegrove, (Apr. 18, 2002), Cuyahoga App. No. 79396, 2002-Ohio-1825, State v. DeAmiches (Mar. 1, 2001), Cuyahoga App. No. 77609, State v. O'Linn (Mar. 16, 2000), Cuyahoga App. No. 75815.
[11] R.C. 2953.08(G).