OPINION
{¶ 1} Rogelio Claudio ("appellant"), appeals the decision of the Ashtabula County Common Pleas Court. The trial court ordered appellant to serve consecutive eleven-month sentences for violating R.C. 2925.07, preparing drugs for sale, and R.C. 2913.51, receiving stolen property. For the following reasons, we affirm the decision of the trial court in this matter, as modified below.
 {¶ 2} Appellant was found to be involved in a "drugs for weapons" operation, wherein appellant would give juveniles money and drugs in exchange for their stealing of weapons and firearms from various homes in the Ashtabula, Ohio area.
 {¶ 3} As a result, appellant was indicted on Nov. 3, 2000 by the Ashtabula County Grand Jury. Appellant was indicted on one count of conspiracy to commit burglary, a felony of the third degree, in violation of R.C. 2923.01, one count of preparation of drugs for sale with specification, a felony of the fifth degree, in violation of R.C. 2925.07, two counts of corrupting another with drugs, felonies of the fourth degree, in violation of R.C. 2925.02, and one count of receiving stolen property, a felony of the fifth degree, in violation of R.C. 2913.51. In a plea agreement journalized on June 4, 2001, appellant entered pleas of guilty to the charges of receiving stolen property and preparation of drugs for sale in exchange for the dismissal of the remaining charges against him. On Sept. 4, 2001, the trial court sentenced appellant to eleven months for receiving stolen property, and eleven months for preparing drugs for sale, pursuant to R.C. 2929.14(A)(5). At the sentencing hearing, the trial court also ruled that the sentences were to be served consecutively pursuant to R.C. 2929.14(E)(4). This timely appeal followed. Appellant asserts two assignments of error for our review.
 {¶ 4} "[1.] Consecutive sentences were optional and disproportionate to the conduct and danger the Appellant poses to the public.
 {¶ 5} "[2.] The judgment entry of Appellant's sentencing is vague as to the length of the prison term to be served consecutively."
 {¶ 6} In his first assignment of error, appellant argues that the trial court "failed to state adequate reasons for imposing consecutive sentences under R.C. 2929.14(E)(4)."
 {¶ 7} Appeals from felony sentences are governed by R.C. 2953.08. The current version of R.C. 2953.08 provides that, when a sentencing court fails to make the findings required by R.C. 2929.14(E)(4), a reviewing court must remand the cause to the sentencing court with instructions to state on the record the required findings pursuant to R.C. 2953.08(G)(1). State v. Jones (2001), 93 Ohio St.3d 391. The standard of review to be used in determining whether a trial court made the requisite findings under R.C. 2929.14(E)(4) is that of clear and convincing. State v. Fitzpatrick (Mar. 15, 2002), 11th Dist. No. 2001-L-017, 2002 Ohio App. LEXIS 1207. Clear and convincing evidence is "the measure or degree of proof that produces in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." State v. Conte (Dec. 14, 2001), 11th Dist No. 2000-L-104, 2001 Ohio App. LEXIS 5651.
 {¶ 8} R.C. 2929.14(E)(4) states in pertinent part: "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following: (a) * * *; (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct; (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 9} Furthermore, R.C. 2929.19(B)(2)(c) states that the trial court is to justify its imposition of consecutive sentences under R.C.2929.14 on the record by "stating its reasons for imposing the consecutive sentences." Fitzpatrick, supra, at 6. The findings mandated by R.C. 2929.14 must appear in the judgment entry or in the transcript of the sentencing hearing. Id.
 {¶ 10} Based on our independent review of the record, we have determined that the trial court satisfied the requirements of R.C.2929.14(E)(4) and R.C. 2929.19(B)(2)(c) in its sentencing of appellant. In the sentencing hearing colloquy, the trial court stated: "The court further finds that consecutive terms are necessary to protect the public and punish the offender, and that a single term does not adequately reflect the seriousness of the conduct." The trial court then went on to state: "This court has had defendants here who have been guilty of Receiving Stolen Property and drug offenses. But what makes this most serious is the fact that we have drugs and guns and juveniles who are being part of the operations, stealing in this case the weapons and jewelry in exchange for more drugs and money for the drugs or for the guns or jewelry * * *." After giving its reasons for imposing consecutive sentences, the trial court also noted that past rehabilitation efforts were unsuccessful as appellant had "demonstrated a pattern of drug abuse", and that appellant has "a prior adjudication or history of criminal convictions." Based on our review of the record, we cannot say that two consecutive eleven-month sentences are disproportionate to the abhorrent conduct of appellant in this case.
 {¶ 11} The trial court also states in its judgment entry: "community control would demean the seriousness of his conduct " and "that consecutive terms are necessary to protect the public and to impose a shorter sentence would demean the seriousness of the offense." UnderFitzpatrick, when the trial court's statements from the sentencing colloquy are read in pari materia with those of the judgment entry, it becomes evident that the trial court clearly and convincingly satisfied the requirements of R.C. 2929.14(E) and 2929.12(B)(2)(c). As a result, appellant's first assignment of error is not well taken and is without merit.
 {¶ 12} In his second assignment of error, appellant argues that "the trial court's judgment entry fails to state the length of the prison sentence to be served consecutively." In support of his argument, appellant refers to the portion of the judgment entry that reads: "Therefore, it is ordered, adjudged and decreed that the defendant serve a term of eleven (11) months in prison on Count Two "Preparation of Drugs for Sale" with specification, in violation of R.C. 2925.07(A), a felony of the 5th degree and Count Five "Receiving Stolen Property", * * *. The sentences imposed are to run consecutively."
 {¶ 13} Appellant claims, that based on the above language, appellant should not be required to serve more than eleven months as ordered in the judgment entry due to the lack of clarity in the entry. However, appellant fails to reference any applicable statute or case to support his argument.
 {¶ 14} Upon review of the record, it becomes apparent that the trial court's omission regarding the length of sentence on count five is nothing more than a clerical error. To wit, at the sentencing hearing, the trial court stated: "It is the sentence of the Court that the defendant, Rogelio Claudio, is sentenced to an eleven-month term on the offense of preparation of Drugs for Sale. He is also sentenced to an eleven-month term on the offense of Receiving Stolen Property. The sentences are to be served consecutively." Tp. 15. Furthermore, following the release of the judgment entry, the trial court made the following statement in its Certificate of Sentence given to the Lorain Correctional Institution: "* * * Rogelio Claudio be sentenced to Lorain Correctional Institution, A term of 11-Months on each count, Sentences to run consecutively."
 {¶ 15} When the foregoing statements are examined collectively, it is very apparent to this court that the trial court sentenced appellant to two, consecutive, eleven-month sentences for his part in the "drugs for weapons" operation. The trial court did indicate in its judgment entry that the sentences were to be served consecutively, as well as the eleven-month sentence for the Preparation of Drugs for Sale. The only item absent from the trial court's judgment entry is the length of appellant's sentence on Count Five. Furthermore, the sentencing hearing transcript and the subsequent Certificate of Sentence reaffirm the trial court's imposition of two, consecutive, eleven-month sentences.
 {¶ 16} R.C. 2953.08 provides that a reviewing court may increase, decrease, or otherwise modify a felony sentence if it finds by clear and convincing evidence that the record does not support the sentence. Statev. Kaplowitz, 11th Dist. No. 2001-L-025, 2002-Ohio-4217. However, a court of appeals should modify rather than remand a cause to the lower court for re-sentencing sparingly. Jones, supra. The record in this case clearly and convincingly fails to support a total sentence of eleven months as originally noted in the trial court's judgment entry. As a result, we hold that the total length of appellant's sentence in this case is twenty-two months, not eleven as appellant suggests. Therefore, we hereby modify appellant's sentencing entry as follows: "Appellant ("defendant") is hereby ordered to serve a term of eleven months in prison on Count Two "Preparation of Drugs for Sale" with Specification, in violation of R.C. 2925.07(A), a felony of the 5th degree, Appellant ("defendant") is also ordered to serve an additional term of eleven months in prison on Count Five "Receiving Stolen Property", in violation of R.C. 2913.51(A), a felony of the 5th degree; of which -0- years is a mandatory term pursuant to R.C. 2929.13(F), 2929.14(D)(3) or Chapter 2925. The sentences imposed are to run consecutively." Aside from our modification of appellant's sentence, the trial court's sentencing entry remains valid and undisturbed.
 {¶ 17} For the foregoing reasons, appellant's first and second assignments of error are without merit. The decision of the Ashtabula County Common Pleas Court is hereby modified and affirmed.
WILLIAM M. O'NEILL, P.J., DONALD R. FORD, J., concur.