{¶ 1} This matter is before the court on appeal from the judgment and sentence of the Wood County Court of Common Pleas which, following a no contest plea, found appellant, Corey Adams, guilty of aggravated vehicular homicide, a violation of R.C. 2903.06(A)(1)(B)(1)(a) and a felony of the first degree.
 {¶ 2} Appellant raises the following assignment of error:
 {¶ 3} "The sentence imposed by the trial court was contrary to law as it was inconsistent with sentences imposed in similar cases and was not supported by the findings mandated by R.C. 2929.14(B)."
 {¶ 4} The relevant facts of this appeal are as follows. On July 20, 2001, 21 old Adams was driving a 1989 Ford XLT Ranger on State Route 65 in Perrysburg Township, Ohio when he collided head on with a vehicle being driven by Joanne Cline. Cline was killed instantly and her two passengers sustained serious injuries. Witnesses reported seeing appellant's vehicle travel left of center several times before impact. Adams' blood-alcohol content following the accident tested at a level of .216 or twice the legal limit.
 {¶ 5} On September 20, 2001, Adams was indicted on one count of aggravated vehicular homicide. Following his no contest plea the trial court found Adams guilty and sentenced him to eight years in prison. The minimum prison term for a first-degree felony is three years. R.C.2929.14(A)(1). On appeal, Adams contends that his sentence is inconsistent with sentences imposed in similar cases. Adams also contends that his sentence is not supported by the findings mandated by R.C.2929.14(B).
 {¶ 6} R.C. 2929.14(B) mandates that "if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." In other words, the record must clearly reflect "that the trial court first considered imposing the minimum *** sentence and then decided to depart from that based on one or both of the permitted reasons." State v. Jones,93 Ohio St.3d 391, 398, 2001-Ohio-1341, citing State v. Edmonson,86 Ohio St.3d 324, 1999-Ohio-110.
 {¶ 7} Under R.C. 2953.08(A)(4), an offender has an appeal of right from a sentence that is contrary to law. A sentence imposed minus the necessary findings of R.C. 2929.14(B) is appealable as being "contrary to law." Griffin Katz, Ohio Felony Sentencing Law (1999) 531, fn. 21.
 {¶ 8} At the time of sentencing, Adams had never served a prison term. The state concedes that the trial court in this case failed to make the R.C. 2929.14(B) required findings anywhere in the record. Without said findings, there is no confirmation in this record that the court first considered imposing the minimum three-year sentence and then decided to depart from the statutorily mandated minimum based on one or both of the permitted reasons. State v. Edmonson, supra. A trial court's failure to sufficiently state the R.C. 2929.14(B) findings requires remand for resentencing. See State v. Kingdom, (Jan. 31, 2003), 6th Dist. No. L-02-1092.
 {¶ 9} Finding Adams' sentence to be contrary to law, we need not, at this time, compare his sentence to other sentences imposed on similar offenders for similar crimes. Adams' sole assignment of error is found well-taken.
 {¶ 10} On consideration whereof, we find that the judgment of the Wood County Court of Common Pleas is reversed, appellant's sentence is vacated, and the case is remanded to the trial court for resentencing. Costs of this appeal are assessed to appellee.
JUDGMENT REVERSED.
Knepper and Pietrykowski, JJ., concur.