OPINION
{¶ 1} In this case, Eric Turner appeals from his sentence on one count of passing bad checks and one count of forgery (without authority). After pleading guilty, Turner was sentenced to nine months on each count, with the sentences to be served concurrent to each other, but consecutive to a sentence imposed in Greene County, Ohio. In support of his appeal, Turner raises as a single assignment of error that the trial court erred by failing to make the sentences it imposed run concurrent to the sentence of imprisonment imposed by Greene County.
 {¶ 2} After considering the record and applicable law, we find that the assignment of error has merit. Accordingly, the sentence will be reversed and vacated and the case will be remanded for re-sentencing.
 {¶ 3} Originally, Turner was charged with four offenses — passing bad checks, forgery (uttering), forgery (without authority), and intimidation of a crime victim. The first three offenses were fifth degree felonies, and were alleged to have occurred on April 30, 2002. The fourth offense was a misdemeanor of the first degree, and was alleged to have occurred on May 18, 2002. At the time of sentencing, Turner was 32 years old, and was serving a six month sentence in Greene County. Turner had several prior convictions, including: a 1996 conviction for passing bad checks; a 2001 forgery conviction in Clinton County for which he failed to appear; and a theft charge in Champaign County for which he failed to appear for community control.
 {¶ 4} The potential sentences for Turner's charges in the present case ranged between six and 12 months. See R.C. 2929.14(A)(5). As we said, the court imposed two concurrent nine month sentences (less than the maximum), but also imposed the sentences consecutive to the Greene County jail time. Turner contends this was error because the court did not make proper findings.
 {¶ 5} Under R.C. 2929.14(E)(4), consecutive sentences may be imposed:
 {¶ 6} "if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 7} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 8} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 9} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 10} The findings supporting imposition of consecutive sentences must be made on the record and must be connected to the statutory requirements. See State v. Jones, 93 Ohio St.3d 391, 399,2001-Ohio-1341; State v. Rothgeb, Champaign App. No. 02CA7,2003-Ohio-465, ¶ 25; and State v. Shepard, Montgomery App. No. 19284, 2002-Ohio-6790, ¶ 23. In Rothgeb, we stressed that:
 {¶ 11} "[t]o achieve the foregoing goals with respect to consecutive sentences which are ordered, R.C. 2929.14(E)(4) and R.C.2929.19(B)(2)(c), read together, impose a process of substantiation. The court is permitted by R.C. 2929.14(E)(4) to order consecutive sentences only after certain findings are made. By requiring the court to then state the reasons for those findings, R.C. 2929.19(B)(2)(c) obliges the court to not only have reasons but also to state what those reasons are. Further, in stating its reasons the court must connect those reasons to the finding which the reason supports. The court cannot merely pronouncecauses that objectively may be its reasons. The court must also identifywhich of those causes are the particular reasons for each of thestatutory findings the court made.
 {¶ 12} "In [State v.] Wright, [Champaign App. No. 2001-CA-3,2001-Ohio-6981], we examined the "seriousness" factors that the court cited, as well as information from a presentence investigation report, and we concluded that the trial court had satisfied its obligations to state its reasons for the findings on which it imposed consecutive sentences. That exercise might determine that the court had reasons, but it does not identify what the court's reasons were in relation to the finding to which the reason pertains. We believe that R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(c), read together impose a more definite standard than that, a standard that is not satisfied by our gleaning what the court's reasons may have been from what it said in general.
 {¶ 13} "The preferred method of compliance with these requirements is to set out each finding that R.C. 2929.14(E)(4) requires the court to make, and in relation to each the particular reason or reasons for making the finding that R.C. 2929.19(B)(2)(c) contemplates. An unrelated `laundry list' of reasons that doesn't correspond to the statutory findings the court makes presents a difficult puzzle to solve, and requires an appellate court to try to surmise what the trial court's reasons were. Those reasons may have been ample, and on the record correct. The court must nevertheless identify as to each finding . . . [what] its reason or reasons in fact were if the General Assembly's policy purposes . . . are to be met." 2003-Ohio-465, at ¶ 25-27 (emphasis in original) (parenthetical material added).
 {¶ 14} In imposing sentence in the present case, the trial court noted that Turner had committed the present offense while under community control in another county. The court's observation was consistent with R.C. 2929.14(E)(4)(a). However, the court did not connect this finding to the statutory requirement.
 {¶ 15} The trial court also impliedly considered one of the two other findings required by R.C. 2929.14(E). Specifically, when discussing whether community control was appropriate, the court commented that Turner was likely to recommit offenses and that Turner's willingness to take advantage of people who loved him was distressing. Earlier, the court had remarked that "putting Turner away" would provide more emotional support to the people Turner loved than if Turner were "let out" to steal from them again and again. This is consistent with the requirement that "consecutive service is necessary to protect the public from future crime or to punish the offender." Again, however, the court did not connect this finding to the statutory requirement.
 {¶ 16} Furthermore, the trial court failed to even impliedly consider the second requirement, i.e., "that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." Based on the trial court's remarks during the sentencing hearing, we might assume that the court felt consecutive sentences were not disproportionate. However, any such "assumption" is beside the point. As we stressed in Rothgeb, appellate courts should not have to guess why trial courts impose consecutive sentences. Accordingly, since the trial court in this case did not make the proper findings and did not relate its findings to the statutory requirements, we must vacate the sentence and remand the case for appropriate findings. Unfortunately, this seems somewhat pointless, given the relatively short length of the sentences and the fact that the trial court is not likely to change its mind on remand. Nonetheless, this is the approach we must take, since the trial court's sentence is contrary to law.
 {¶ 17} Based on the above discussion, the assignment of error is sustained. Defendant's sentence is reversed and vacated, and this matter is remanded to the trial court for re-sentencing.
FAIN, P.J,. and GRADY, J., concur.