OPINION
{¶ 1} Jon Blair appeals from his conviction in the Miami County Common Pleas Court of four counts of trafficking in drugs.
 {¶ 2} In a single assignment of error, Blair contends the sentence imposed upon him was contrary to law and was a violation of R.C. 2929.14 in that it exceeded the shortest prison term and was contrary to the joint sentencing recommendation.
 {¶ 3} Counsel for Blair represented during the plea proceedings that the State had agreed to stand silent regarding whether Blair should be sentenced to community control. Counsel for Blair indicated further that in the event the court did not find that community control was an appropriate sentence, the State would recommend that Blair receive minimum concurrent sentences. Blair acknowledged that he understood the plea bargain offered by the State and was willing to enter his guilty pleas.
 {¶ 4} The trial court referred Blair to the probation department for a pre-sentence investigation. At the sentencing the trial court noted the following in imposing the sentences upon Blair:
 {¶ 5} "THE COURT: As far as your record goes, in `92 you were convicted of theft. The same year you were convicted of criminal damaging.
 {¶ 6} "`93, unruly, `93 aggravated riot. You were revoked on probation three times. `93, theft.
 {¶ 7} "`94, disorderly conduct.
 {¶ 8} "`95, receiving stolen property. Drug abuse treatment was ordered. 1995, possessing, consuming or purchasing alcohol. You were placed on probation, your probation was revoked.
 {¶ 9} "`95, you were convicted of burglary. Also in 1995, trafficking in marijuana, trafficking in L.S.D.
 {¶ 10} "And then 1996, aggravated burglary.
 {¶ 11} "1997, you were convicted of no operator's license, placed on probation, revoked twice.
 {¶ 12} "November of `99, placed on probation for driving under suspension. You were revoked two other times, other than the first two I just talked about.
 {¶ 13} "The year 2000, driving under FRA suspension.
 {¶ 14} "And then we have the offenses that we're speaking of here today, the four counts of trafficking.
 {¶ 15} "You've demonstrated over the years a poor attitude.
 {¶ 16} "You've had eight probation violations and fifteen prior offenses.
 {¶ 17} "You refused to give the probation officers information when they asked for it.
 {¶ 18} "You lied about your criminal record to the probation department.
 {¶ 19} "When you were evaluated, you told the evaluator that you do not have a problem or want drug counseling.
 {¶ 20} "You did not complete drug treatment in prior cases.
 {¶ 21} "You indicated you had no intention of being drug free.
 {¶ 22} "And you also lied to the probation officer about your residence, your place of birth, your employment and your criminal record. I know some of that is redundant.
 {¶ 23} "I find the offense was committed while under a Community Control sanction.
 {¶ 24} "Under the recidivism factors, these are factors that would indicate whether or not it's likely that you will re-offend, you were under a Court sanction at the time of the offenses, in that you were under Municipal Court probation at the time.
 {¶ 25} "You have prior adjudication of delinquency or history of criminal convictions. And I've already been over that.
 {¶ 26} "You failed to respond favorably in the past to sanctions imposed for criminal convictions. And I've already been over that.
 {¶ 27} "You've demonstrated a pattern of drug or alcohol abuse related to the offense, refused to acknowledge a pattern and refused treatment.
 {¶ 28} "And although today you're telling me you want treatment, the past years and years and years you've been given treatment, resisted it, refused to do it and so forth.
 {¶ 29} "You show no remorse for the offense.
 {¶ 30} "And another relevant factor indicating recidivism more likely is that you have a history of trafficking in marijuana and L.S.D.
 {¶ 31} "Based upon the foregoing I'm not going to follow the recommended sentence for minimum sentencing. I find you're not amendable [sic] to an available Community Control option.
 {¶ 32} "I find the minimum term would not adequately protect the public. On Counts 1, 2, and 3, the sentence shall be nine months. Count 4, it shall be eleven months. They shall be served concurrently, which means at the same time.
 {¶ 33} "You're to have a six month driver's license suspension from the time the Defendant is released from prison.
 {¶ 34} "He's to be placed on three years post release control.
 {¶ 35} "He's to obtain and maintain gainful full time employment.
 {¶ 36} "He's to abide by the standard drug and alcohol abuse treatment conditions of the Court.
 {¶ 37} "He's to abide by a nine o'clock p.m. to six o'clock a.m. curfew.
 {¶ 38} "He's to pay restitution in the amount of Two Hundred Ninety-five Dollars to the Troy Police Department."
 {¶ 39} Appellant argues that there was an insufficient basis for the sentences the trial court imposed upon him because he is a young man with no prior felony convictions, his felony drug sale offenses involved very minor amounts of marijuana and the drug Ecstasy for little financial gain, and that the court ignored the joint sentencing recommendation of the prosecutor and his counsel. Finally, he argues that the record failed to demonstrate that a community control sanction would fail to adequately protect the public and thus was a violation of R.C. 2929.12(B)(2).
 {¶ 40} We review the sentence imposed upon appellant pursuant to the mandate provided in R.C. 2953.08(G)(1), which explicitly requires the sentencing judge to create a record that supports the sentencing decision and allows this court to:
 {¶ 41} "* * *increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for re-sentencing if the court clearly and convincingly finds any of the following:
 {¶ 42} "(a) That the record does not support the sentence;
 {¶ 43} "(b) That the sentence included a prison term, that the offense for which it was imposed is a felony of the fourth or fifth degree or is a felony drug offense that is a violation of a provision of Chapter 2925. of the Revised Code and that is specified as being subject to division (B) of section 2929.13 of the Revised Code for purposes of sentencing, that the court did not specify in the finding it makes at sentencing that it found one or more of the factors specified in divisions (B)(1)(a) to (h) of section 2929.13 of the Revised Code to apply relative to the defendant who brought the appeal, and either that the procedures set forth in division (B) of section 2929.13 of the Revised Code for determining whether to impose a prison term for such an offense were not followed or that those procedures were followed but there is an insufficient basis for imposing a prison term for the offense."
 {¶ 44} The trial court found that Blair had committed his offenses while under a community control sanction (municipal court probation). R.C. 2929.13(B)(1)(h). The trial court did not specifically find that the prison term it imposed was consistent with the purposes and principles of sentencing set forth in R.C. 2929.11 although the court did find Blair was not amenable to an available community control sanction. See, R.C.2929.13(B)(2)(a).
 {¶ 45} The Ohio Supreme Court has made clear, that where the sentencing statute requires "findings" to be made, close adherence to the precise statutory language will be required. State v. Edmonson (1999),86 Ohio St.3d 324. In Edmonson, the Supreme Court reversed a ten year maximum sentence for aggravated robbery upon an offender who had not previously been imprisoned and no felony record because the court had failed to make an express finding and give its reasons for a maximum sentence as required by R.C. 2929.14(C) and R.C. 2929.19(B)(2)(d) and for failure to make the express finding required by R.C. 2929.14(B) when exceeding the minimum sentence for an offender who has not previously been imprisoned.
 {¶ 46} Two years later, in State v. Jones (2001), 93 Ohio St.3d 391, the Supreme Court reaffirmed its insistence on a clear showing that the sentencing judge addressed the requirement in R.C. 2929.14(B) that an offender who has not been previously imprisoned can not be sentenced to more than a minimum sentence unless the sentencing judge finds that the minimum sentence will "demean the seriousness of the offender's conduct or would not adequately protect the public from future crime." In imposing more than the minimum prison sentence for two acts of gross sexual imposition, the trial court had stated:
 {¶ 47} "It's a tragedy that these incidents have occurred. The children were
 {¶ 48} victimized. . . . [T]here is no question that the victims in this case suffered serious psychological harm as a result of this conduct on the part of the defendant. . . . Also, more serious was the age of these children. They were very youthful. These types of crimes against children are very difficult to eradicate because . . . people having been convicted of these crimes have a very hard time of responding favorably to any kind of psychiatric or psychological counseling. So it is apparent to me that a period of incarceration is required. And given the fact that there were two different victims and two different incidents . . . what I'm attempting to do is to fashion a sentence as it regards both of the victims."
 {¶ 49} The Supreme Court concluded: "If these were the reasons the trial court deviated from imposing the minimum sentence and the trial court had explicitly said so, they would have been sufficient to support the imposition of more than the minimum prison sentence." Since the trial court did not explicitly address the requirements in R.C. 2929.14(B), the appellate court's reversal of the trial judge was affirmed.
 {¶ 50} Some courts have held since Edmonson and Jones that language used by the trial court which conceptually equate with the statutory language is sufficient. State v. Gillespie (April 24, 2000) Clermont App. CA 99-09-090; State v. Skelton (March 19, 2002), Franklin App. Nos. 01-AP-860, 01-AP-861, 01-AP-862. Appellate courts have differed widely, however, in their judgment as to what language is substantially equivalent to the statutory language. See cases cited at Ohio Felony Sentencing Law (Griffin Katz), 2002 Ed. at 451-452.
 {¶ 51} The overriding purposes and principles of felony sentencing are set forth as follows in R.C. 2929.11:
 {¶ 52} "(A) * * * The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. * * *
 {¶ 53} "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.
 {¶ 54} "(C) A court that imposes a sentence upon an offender for a felony shall not base the sentence upon the race, ethnic background, gender, or religion of the offender."
 {¶ 55} The trial court did "find" that the minimum term of six months would not adequately protect the public. See, R.C. 2929.14(B)(2). This finding also satisfied the statutory requirement that the court find that the prison term it imposed in Blair was consistent with the purposes and principles of sentencing set forth in R.C. 2929.11. In noting that Blair had an extensive record, numerous probation violations, a poor attitude, and that he refused to seek drug treatment, the court impliedly found that the sentence it imposed in Blair was consistent with the principles of sentencing set forth in R.C. 2929.11. The trial court also was not required to follow the State's sentencing recommendation. Accordingly, we overrule Blair's assignment of error.
 {¶ 56} The judgment of the trial court is Affirmed.
FAIN, P.J., and GRADY, J., concur.