JOURNAL ENTRY AND OPINION
{¶ 1} Appellant William Reames appeals from the consecutive sentences imposed by the trial court. He assigns the following errors for our review:
 {¶ 2} "I. Trial court erred in imposing consecutive sentences by improperly relying upon the same facts that constitute an element of the offense and the fact of pregnancy to justify a sentence substantially in excess of the maximum penalty for any individual offense to which the defendant pled guilty."
 {¶ 3} "II. The trial court's unsupported assertions that consecutive sentences are not disproportionate to the seriousness of the facts of this case and to the danger posed to the community do not satisfy the second element required by law before consecutive sentences can be imposed."
 {¶ 4} "III. The trial court's findings of fact do not satisfy the statutory requirement that consecutive sentences are necessary to protect the public from future crimes."
 {¶ 5} Having reviewed the record and the legal arguments of the parties, we affirm Reames' sentence. The apposite facts follow.
 {¶ 6} On September 11, 2002, the grand jury indicted Reames in a fourteen-count indictment for seven counts of rape and seven counts of unlawful sexual conduct with a minor, all involving the same victim who was twelve-years old and a student at the school at which Reames was a teacher. On November 4, 2002, Reames pled guilty to four counts of rape and the remaining charges were dismissed.
 {¶ 7} On December 12, 2002, Reames filed a sentencing memorandum with the court. In addition, twenty-five letters were submitted to the trial court from Reames' relatives, friends, and colleagues expressing positive opinions of Reames and generally requesting leniency at sentencing.
 {¶ 8} On December 16, 2002, the trial court conducted a sexual predator hearing at which it determined Reames was not a sexual predator based on his psychological evaluation indicating he presented a low risk of recidivism. The trial court then proceeded with sentencing.
 {¶ 9} Prior to sentencing Reames, the trial court heard arguments from both counsel and Reames. The victim and her parents did not appear at the sentencing. However, a letter from the parents was read by the prosecutor into the record. At the close of the hearing, after having reviewed the pre-sentence investigation report, Reames' sentencing memorandum and letters submitted, the trial court sentenced Reames to four years on each count to be served consecutively, for a total of sixteen years.
 {¶ 10} Reames argues in his three assigned errors that the trial court erred in impositioning consecutive sentences.
 {¶ 11} R.C. 2929.14(E)(4) governs when trial courts may impose consecutive sentences of imprisonment on an offender and states:
 {¶ 12} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 13} "* * *
 {¶ 14} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct."
 {¶ 15} In making the above findings, the trial court must also state its reasons in support of the findings.[1]
 {¶ 16} In this case, Reames engaged in repeated acts of sexual intercourse with a twelve-year old student from the school at which he taught. The relationship continued for over a year and ended when the child became pregnant.
 {¶ 17} Reames argues the trial court erred by relying exclusively on the "age" of victim, which is an element of the offense, and the fact the victim became pregnant, which was the result of only one of the acts, in determining the harm was so great or unusual that one prison term would not adequately reflect the seriousness of his conduct.
 {¶ 18} In determining the harm suffered by the victim pursuant to R.C. 2929.14(E)(4)(b), the trial court stated as its reasons in support of its finding the harm suffered was so great or unusual, the fact the victim was robbed of her youth; would not experience a normal childhood; was impregnated and forced to make adult decisions regarding the future of the baby; and Reames' crimes would have lifelong negative ramifications for her.
 {¶ 19} The background facts of the case cannot be ignored in reviewing these reasons. In sentencing Reames, the trial court repeatedly referred to the fact that Reames, as a teacher, held a position of trust with the child, which he violated, and that this relationship was one which continued for over one year. Therefore, in determining the harm suffered by the child, we agree with the court the fact she was impregnated by her teacher and violated by a person in the position of trust will have "lifelong ramifications" on the victim.
 {¶ 20} Furthermore, although the victim's pregnancy was obviously the result of only one of the rapes, by engaging in sexual conduct with the twelve-year old victim for over a year, Reames' course of conduct increased the likelihood the pregnancy would result. We also find this case is distinguishable from this court's decision in State v. DeAmiches (Mar. 1, 2001), Cuyahoga App. No. 77609, contrary to Reames' argument. In De Amiches, this court held the "age" of the victim cannot be considered in imposing the maximum sentence based on the finding the offense constituted the "worst form of the offense" pursuant to R.C.2929.14(C). This court reasoned because "age" was an element of the offense, it could not be used as a basis for finding the offense was the "worst form of the offense." In the instant case, the trial court did not impose the maximum sentence. The "age" of the victim was a consideration in determining whether the harm caused by Reames' conduct was "great or unusual," and not in determining whether his offenses constituted the "worst form of the offense." We conclude under the circumstances of this case, age becomes a relevant consideration when assessing the conduct as unusual.
 {¶ 21} During oral argument, Reames' counsel also argued the harm suffered in the instant case was no different than the harm suffered in other child rape cases in which the offender was sentenced to less time, and relies on the this court's recent opinion in State v. Hecker[2] in support of this argument. In Hecker, this court found the trial court failed to set forth adequate reasons supporting the fact that defendant's rape of his two daughters posed a danger to the public.
 {¶ 22} Although we agree that similar sentences should apply to similar offenders, we find this case is different than Hecker. The harm caused to the victim in the instant case is not just the physical harm of a pregnancy, but the psychological harm of a twelve-year old being led to believe in a romantic relationship with her teacher, having to make adult decisions at such a tender age, and being robbed of her innocence. These are harmful factors which support the trial court's determination that a single prison term would be woefully inadequate.
 {¶ 23} The reason most telling for this court is the twelve-year old's belief at that age that she was adult enough to form a romantic attachment with a person fifteen years older. The age difference is a concern, but the fact that Reames used his position as a teacher to formulate this relationship is a greater concern. We agree with the state that this harm is unusual in the sense that teachers are required pursuant to R.C. 2151.421(A) to report suspected child abuse. In none of the other cases relied on by Reames did this harm arise out of the teacher/student relationship.
 {¶ 24} In conclusion, we also find Hecker to be inapplicable because it concerned whether consecutive sentences were necessary to protect the public and did not discuss the "harm" caused to the victim.Hecker is also distinguishable factually because it dealt with a father's rape of his two children and not the rape of a student by a teacher.
 {¶ 25} Reames also argues the trial court erred in finding the consecutive sentences were not disproportionate to the seriousness of the facts of the case or the danger he poses to the public. In doing so, he argues no force was involved, the child was twelve-years old, he was romantically involved with the child and he was found not to be a sexual predator.
 {¶ 26} The trial court stated that consecutive sentences were not disproportionate to the facts of the case because "It is difficult, if not impossible, to conceive of a more serious and distressing set of facts which would constitute the first four counts of rape to which you pled guilty."[3] Prior to making this statement, the trial court recited the following facts:
 {¶ 27} "This Defendant used his position of trust as a teacher to violate this child. Although there may not have been any physical force involved, there is something more insidious involved here. This Defendant slowly, methodically and criminally worked his way into the child's trust and favor.
 {¶ 28} "I also take into account the nature and length of time criminal activity took place. These crimes took place from June 6th, 2001 to July of 2002, according to the statements the Defendant made himself to the probation officer. Each count represents a separate and distinct crime for which there may be separate and distinct punishment."[4]
 {¶ 29} These reasons sufficiently supported the trial court's finding consecutive sentences were necessary to reflect the seriousness of Reames' offenses. We also conclude the fact Reames claims he and the victim were romantically involved does not negate the fact that he knew she was twelve-years old and that such behavior was criminal.
 {¶ 30} Reames also argues that because he was not found to be a sexual predator, the trial court's finding consecutive sentences were proportional to the danger he posed to the public.[5] A sexual predator determination is a separate proceeding from sentencing and involves different considerations. The sexual predator determination is an administrative proceeding and does not have the purpose to punish the offender. Sentencing obviously does have the purpose to punish the offender.[6] While the trial court found a sexual predator classification was not necessary, it could still find Reames in need of a deterrence for future behavior by imposing a lengthy sentence.[7]
 {¶ 31} In sentencing Reames, the trial court found the following factors indicated he posed a risk to the public: the age of the victim; the fact that pedophilia was involved; the victim was unrelated to Reames; the single marital status of Reames; exposure to the child as a teacher; and the enduring relationship Reames had with the victim.
 {¶ 32} We find these reasons supported the trial court's finding consecutive sentences were proportional to the danger Reames' posed.
 {¶ 33} Finally, Reames argues the trial court failed to establish that consecutive sentences were necessary to protect the public from future crimes, since the trial court found he was not a sexual predator.
 {¶ 34} As stated above, the trial court could very well find Reames posed a risk to the public for sentencing reasons. Our review of the sentencing transcript also indicates the trial court did not rely exclusively on the danger posed by Reames, but also stated the consecutive sentences were necessary to deter others from such conduct. The trial court stated:
 {¶ 35} "With respect to other potential offenders, I believe the sentence will serve as a deterrent, hopefully sparing some other child the tragedy that has befallen this particular victim."[8]
 {¶ 36} Therefore, Reames' consecutive sentences protect the public by striving to deter the criminal conduct he demonstrated. Anyone desiring to mirror Reames' criminal acts does so with the understanding that it will result in a severe punishment. We conclude these reasons are adequate to support the trial court's finding consecutive sentences were necessary to protect the public.
 {¶ 37} Reames' assigned errors are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Frank D. Celebrezze, Jr., J., and Anthony O. Calabrese, Jr., J., concur.
[1] State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165.
[2] Cuyahoga App. No. 82071, 2003-Ohio-3953.
[3] Transcript at 53.
[4] Transcript at 53.
[5] R.C. 2929.14(E) requires the trial court to specifically consider the "danger the offender" poses to the public.
[6] State v. Jones, 93 Ohio St.3d 391, 394, 2001-Ohio-1341.
[7] We also note the inconsistency may well exist because Reames should have been classified a sexual predator. However, since the state has not appealed this classification, we will not review the court's refusal to classify Reames as a sexual predator.
[8] Transcript at 52.