OPINION
{¶ 1} Defendant-Appellant, Luke D. Mansfield, appeals the judgments of the Putnam County Court of Common Pleas, sentencing him upon his convictions for unlawful sexual conduct with a minor. On appeal, Mansfield asserts that the trial court erred by not imposing the shortest sentence, that the trial court erred by imposing consecutive sentences and that the trial court erred by finding that Mansfield was a child-victim oriented offender. Finding that the trial court did not error in sentencing Mansfield to more than the minimum sentence or to consecutive terms, we affirm the judgment of the trial court as to Mansfield's sentence. However, finding that Mansfield's convictions do not fall within the statutory requirements for a child-victim oriented offender classification, the judgment of trial court is reversed as to that issue.
 {¶ 2} In early 2004, Mansfield, born June 26, 1984, began to develop an intimate relationship with the victim, born May 5, 1991. After discovering the significant age disparity between Mansfield and their daughter, the victim's parents attempted to keep the two apart. After being unsuccessful on their own, the victim's parents obtained a protection order to keep Mansfield away from their daughter.
 {¶ 3} In April of 2004, the Putnam County Sheriff's Office was contacted by the Putnam County Job and Family Services Agency, regarding a sexual abuse complaint involving Mansfield and the victim. In July of 2004, a Putnam County Sheriff's Officer caught Mansfield and the victim together behind a storage unit in Kalida, Ohio. At that time, Mansfield was arrested for being in violation of the civil protection order. While the victim initially denied having a sexual relationship with Mansfield, in September of 2004, she acknowledged that she and Mansfield were having a sexual relationship.
 {¶ 4} In October of 2004, Mansfield was indicted on four counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A), felonies of the fourth degree. In December of 2004, Mansfield entered a plea of guilty to two counts of the indictment and agreed to plead guilty to a violation of a civil protection order, in exchange for a dismissal of all remaining counts and a pending misdemeanor. Subsequently, after Mansfield obtained new counsel, the trial court granted his motion to withdraw his guilty plea, and the matter proceeded to trial under the original indictment.
 {¶ 5} In April of 2005, Mansfield was indicted on an additional count of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A), a felony of the fourth degree. Subsequently, Mansfield was tried on all five counts contained in both indictments, and the jury returned guilty verdicts on all counts.
 {¶ 6} Following Mansfield's convictions, the trial court held a sentencing and sexual offender classification hearing. At the hearing, the trial court considered each of the five counts contained in the jury verdict. The trial court found that Mansfield had engaged in a pattern of sexually illegal behavior, and that all of the offenses had taken place while Mansfield was under the sanctions of the civil protection order. Additionally, the trial court found that the injury was exacerbated by the physical age of the victim; however, the trial court went on to find that the victim did help to facilitate some of the offenses. The trial court found that Mansfield showed no genuine remorse, as he continued to deny the events, even in the presentence investigation report as well as at the time of trial. The trial court found that Mansfield's violation of the civil protection order was a factor showing that he was more likely to recidivate.
 {¶ 7} Weighing the above factors, the trial court found that Mansfield was not amenable to community control sanctions. Finding Mansfield was not amenable for community control, the trial court stated the following:
The Court is making a finding that the shortest term demeans theseriousness of the offense and does not adequately protect the public.The Court is making a finding that the offender possesses the greatestlikelihood of committing future crimes, that being once again for thereasons that the offender was under a court order at the time that theseoffense were committed. For that reason it is the Court's intention oncounts to impose the longest term * * *.
 The Court is also making a finding that consecutive terms are necessaryto protect the public and punish the offender and are notdisproportionate to the conduct and to the danger imposed that the crimeswere committed while under sanction; that being, again, those describedby the Court.
 The Court is making a finding that the harm was so great that a singleterm does not adequately reflect the seriousness of the conduct. Thatbeing, again, for the reasons described.
 {¶ 8} Based on its findings, the trial court sentenced Mansfield to eighteen months on each of the four counts in the original indictment, with the sentences for counts three and four to run concurrently and the sentences in counts three and four running consecutively to the sentences in counts one and two. Additionally, the trial court sentenced Mansfield to eighteen months on the sole count of the second indictment, with that sentence running concurrently to the sentences in the original indictment.
 {¶ 9} Finally, at the hearing, the trial court classified Mansfield as a child — victim oriented sexual offender.
 {¶ 10} It is from these judgments that Mansfield appeals, presenting the following assignments of error for our review.
 Assignment of Error No. I THE TRIAL COURT COMMITTED AN ERROR OF LAW BY NOT IMPOSING THE SHORTESTSENTENCE.
 Assignment of Error No. II THE TRIAL COURT COMMITTED AN ERROR OF LAW BY IMPOSING CONSECUTIVESENTENCES.
 Assignment of Error No. III THE TRIAL COURT COMMITTED AN ERROR OF LAW IN FINDING THA THE APPELLANTWAS A CHILD-VICTIM ORIENTED OFFENDER.
 Assignment of Error No. I {¶ 11} In the first assignment of error, Mansfield asserts that the trial court erred in imposing more than the minimum term. Specifically, Mansfield argues that additional findings made by the trial court to support the non-minimum term violates the Sixth Amendment and are contrary to the United States Supreme Court's holding in Blakely v.Washington (2004), 124 S.Ct. 2531, 124 S.Ct. 2531. This Court has previously ruled that the holding in Blakely does not apply to Ohio's sentencing scheme. State v. Trubee, 3rd Dist. No. 9-03-65, 2005-Ohio-552, at ¶ 16-38. Therefore, Mansfield's first assignment of error overruled.
 Assignment of Error No. II {¶ 12} In the second assignment of error, Mansfield contends that the trial court erred in imposing consecutive sentences. Specifically, Mansfield argues that the trial court's findings are erroneous and that the trial court failed to state its reasons for those findings.
 {¶ 13} The structure of Ohio felony sentencing law provides that the trial court's findings under R.C. 2929.03, 2929.04, 2929.11, 2929.12,2929.13, and 2929.14, determine a particular sentence. State v. Martin
(1999), 136 Ohio App.3d 355, 362. Compliance with those sentencing statutes is required. Id. Accordingly, the trial court must set forth the statutorily mandated findings and, when necessary, articulate on the record the particular reasons for making those findings. State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, at para. one and two of the syllabus.
 {¶ 14} An appellate court may modify a trial court's sentence only if it clearly and convincingly finds either (1) that the record does not support the sentencing court's findings or (2) that the sentence is contrary to the law. R.C. 2953.08(G)(2); see, also, Martin,136 Ohio App.3d at 361. Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Statev. Schiebel (1990), 55 Ohio St.3d 71, 74, citing Cross v. Ledford
(1954), 161 Ohio St. 469, 477. It requires more evidence than does a finding by a preponderance of the evidence, but it does not rise to the level of a finding beyond a reasonable doubt. Id. An appellate court should not, however, simply substitute its judgment for that of the trial court, as the trial court is "clearly in the better position to judge the defendant's dangerousness and to ascertain the effect of the crimes on the victims." State v. Jones (2001), 93 Ohio St.3d 391, 400.
 {¶ 15} R.C. 2929.14(E)(4) sets out the findings that are required for the imposition of consecutive sentences. The first required finding is "that the consecutive service is necessary to protect the public from future crime or to punish the offender." R.C. 2929.14(E)(4). The second finding is that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender posed to the public." Id. Finally, the trial court must make one of the following findings:
(a) The offender committed the multiple offenses while the offender wasawaiting trial or sentencing, was under a sanction imposed pursuant tosection 2929.16, 2929.17, or 2929.18 of the Revised Code, or was underpost-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusualthat no single prison term for any of the offenses committed as part of asingle course of conduct adequately reflects the seriousness of theoffender's conduct.
 (c) The offender's history of criminal conduct demonstrates thatconsecutive sentences are necessary to protect the public from futurecrime by the offender.
Id.
 {¶ 16} In addition to making the requisite findings under R.C.2929.14(E)(4), the trial court must also comply with R.C. 2929.19(B)(2)(c) when imposing consecutive sentences. R.C. 2929.19(B)(2)(c) states:
(2) The court shall impose a sentence and shall make a findingthat gives its reasons for selecting the sentence imposed in anyof the following circumstances:
* * *
(c) It imposes consecutive sentences under 2929.14 of the RevisedCode, it reasons for imposing the consecutive sentences.
 {¶ 17} Finally, the Ohio Supreme Court has now explicitly held that "when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing." Comer, 99 Ohio St.3d at para. one of syllabus. Thus, a trial court is required to make the above findings on the record.
 {¶ 18} As noted above, the trial court determined that consecutive service was necessary to protect the public from future crime and that the harm caused by these offenses was so great that no single prison term adequately reflected the seriousness of the crimes. Further, the trial court found that the consecutive sentences were not disproportionate to the seriousness of Mansfield's conduct and the danger he posed to the public. Finally, the trial court found that the harm caused by Mansfield was so great or unusual that no single prison term for any of the offenses would adequately reflect the seriousness of Mansfield's conduct.
 {¶ 19} Again, the trial court made the following specific findings on the record:
The Court is making a finding that the shortest term demeans theseriousness of the offense and does not adequately protect the public.The Court is making a finding that the offender possesses the greatestlikelihood of committing future crimes, that being once again for thereasons that the offender was under a court order at the time that theseoffense were committed. For that reason it is the Court's intention oncounts to impose the longest term * * *.
 The Court is also making a finding that consecutive terms are necessaryto protect the public and punish the offender and are notdisproportionate to the conduct and to the danger imposed that the crimeswere committed while under sanction; that being, again, those describedby the Court.
 The Court is making a finding that the harm was so great that a singleterm does not adequately reflect the seriousness of the conduct. Thatbeing, again, for the reasons described.
 {¶ 20} After reviewing the entire record, we find that the trial court clearly considered all of the required statutory factors, made all of the required findings necessary to impose consecutive sentences at the sentencing hearing and stated its reasoning for making such findings at the sentencing hearing. We also find that the record supports these findings. While Mansfield argues that it was error for the trial court to consider the civil protection order in making its findings, the trial court clearly made the requisite findings required under R.C.2929.14(E)(4).
 {¶ 21} Accordingly, the second assignment of error is overruled.
 Assignment of Error No. III {¶ 22} In the third assignment of error, Mansfield asserts that the trial court erred in finding that he was a child-victim oriented offender.
 {¶ 23} R.C. 2950.01(S)(1) defines a "child-victim oriented offender as the following:
(a) Subject to division (S)(2) of this section, any of the followingviolations or offenses committed by a person eighteen years of age orolder, when the victim of the violation is under eighteen years of ageand is not a child of the person who commits the violation:
 (i) A violation of division (A)(1), (2), (3), or (5) of section 2905.01,of section 2905.02, 2905.03, or 2905.05, or of former section 2905.04 ofthe Revised Code * * *.
 {¶ 24} In the case sub judice, Mansfield was convicted of five counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A). As the State concedes, R.C. 2907.04(A) does not fall within the numerated statutory sections set forth in R.C. 2950.01(S)(1). Accordingly, the trial court's finding that Mansfield was a child-victim oriented offender was error, and Mansfield's third assignment of error must be sustained.
 {¶ 25} Having found error prejudicial to the Appellant herein, in the particulars assigned and argued, we reverse the judgments of the trial court as to the finding that Appellant was a child-victim oriented offender and remand the matter for further proceedings consistent with this opinion. Having found no other error prejudicial to the Appellant, the judgments are affirmed in all other respects.
Judgments reversed in part, affirmed in part and cause remanded.
 CUPP, P.J., and SHAW, J., concur.